UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

p. 1 of 9      8/2/04

Eduardo Martinez, Pro-Se

v.

Capt. Ken Weir Et. Al.
Lt. Mike Mauder
C/o Fred Lie Kote,
C/o Mike Thibodeau
C/o Ed Carl

Docket No.#: 3:00 cv 1140 (DJS)(HBF)

Date: June 10, 2004

— JURY TRIAL DEMANDED —
* AMENDED COMPLAINT *
* ALL DEFENDANTS SUED INDIVIDUAL *
* CAPACITIES *

__Preliminary Statements__

This is a Civil Rights action filed by EDUARDO MARTINEZ, a state prisoner for damages under 42 U.S.C. §1983 alleging he was assaulted by Correctional Employees, had 4-point restraints used on him in a Malicious manner to inflict wanton pain while housed at Walker Receptional Center - S.M.U., Violating the Plaintiff's 8th Amendment Right of the United States Constitution by using Excessive Force + subjecting the Plaintiff to Cruel + Unusual Punishment.

__Jurisdiction__

1. The court has jurisdiction over the Plaintiff's claim of violation of federal constitutional rights under 42 U.S.C. §§ 1331(a) + 1343.

2. The court has supplemental jurisdiction over the Plaintiff's state law tort claims under 28 U.S.C. §1367

Parties

p. 2 of 9

3. The Plaintiff EDUARDO MARTINEZ was incarcerated at Walker Receptional Center & S.M.U. (Walker) during all times in this complaint.

4. Defendant CAPT. LEFER was a Correctional Captain & shift commander during all times in this complaint at Walker & is sued in her Individual Capacity.

5. Defendant LT. MAHONEY was Correctional Lieutenant & was ordered to assembled an extraction team, during all times in this complaint at Walker & is sued in his Individual Capacity.

6. Defendant C/O DERUTH was a Correctional Officer (C/O) at Walker & responsible for hitting the Plaintiff in his head with the shield & crushing the Plaintiff's head to smack against a cinderblock wall during all times in this complaint & is sued in his Individual Capacity.

7. Defendant C/O THIBEAULT was a Correctional Officer at Walker during all times in this complaint & is responsible for breaking the handcuff key inside the handcuff then tightening it, cutting off blood circulation to the Plaintiff's right hand & not reporting such hazardous & dangerous conditions & is sued in his Individual Capacity.

8. Defendant C/O CARL was a Correctional Officer at Walker during all times in this complaint & is responsible for not reporting the handcuff key being broken inside the handcuff & the tightening of the restraint which was done as he held the Plaintiff's arm. & is sued in his Individual Capacity.

Facts

9. On October 25, 1999 at around 9:30 am the Plaintiff while out his cell for his one hour exercise at Walker's segregation unit + on full restraints status (handcuffed behind the back with leg shackles around ankles) scraped paint off the day room doors with the handcuffs then locked up without further incident.

10. Later on that day at around 1:40 pm the Plaintiff put up a "women courtesey sign" on his assigned cell (S-07) window due to Defendant Capt. Weir schedule of touring the unit at 1:30pm - 2:00pm + the Plaintiff having to use the bathroom to defecate.

11. While defecating the Plaintiff flushed numerous times so that the smell wouldn't linger in his cell.

12. The unit officer C/O Roberts came to the Plaintiff's cell (S-07) + asked the Plaintiff to remove the sign off the window + the Plaintiff told C/O Roberts as soon as I get done I can remove it. C/O Roberts left + shut the cells water off.

13. The Plaintiff finished using the bathroom at about 1:50pm + asked C/O Roberts can he turn the water on so the Plaintiff could wash his hands.

14. Defendant Capt. Weir came to the segregation unit + opened the Plaintiff's cell door + asked the Plaintiff "why are you flooding your cell?" The Plaintiff told the Defendant "my cell doesn't have a drop of water on the floor" + turned on his cell light.

15# The Defendant Capt. Weir then was exiting the Plaintiff's cell when then Plaintiff told her "can you turn the water back on so I can wash my hands?". She stated I'll think about it & closed the Plaintiff's cell door.

16# The Plaintiff called Defendant Capt. Weir a dumb bitch & both began to exchange verbal insults to one another.

17# The Plaintiff's water was turned back on & washed his hands & went to sleep. Meanwhile Defendant Capt. Weir order for me to be extracted.

18# At around 3:00 pm the Plaintiff was awakened by Defendant Lt. Madden instructing the Plaintiff that he was going to be extracted & for the Plaintiff not to punch out.

19# Defendant Lt. Madden then said something dealing with a date & his name. Then instructed the Plaintiff to turn around & be handcuffed which the Plaintiff complied. Then after the handcuffs were applied then the Plaintiff was instructed to go to the back of the cell which he also complied.

20# Defendant Lt. Madden then told Defendants C/O De Roza, C/O Thibodeau & C/O Corl to "go get him". The door opened & seconds later the Plaintiff, handcuffed behind the back with his back to the Defendants was smashed in his head with a shield.

21# The Plaintiff being smashed in the back of head with the shield his face smashed into the cinder-block wall causing his nose to bleed from a cut on the bridge of his nose & his nostrils. Defendant C/O De Roza was in charge of holding the shield.

22. Defendant Lt. Madden ordered Defendant C/O Le Rota to remove the handcuffs off the Plaintiff & ordered the Plaintiff to place his hands on the wall which he complied & did so on his own without any assistance although dizzy.

23. Defendant Lt. Madden ordered Defendants C/O Thibideau & C/O Corl to physically strip search the Plaintiff which they did causing the Plaintiff embarrassment & the Plaintiff's hands were free all the while as he complied with all orders.

24. Defendant Lt. Madden then stated that the Plaintiff was being 4 pointed for kicking his cell door & disobeying direct orders. The Plaintiff was dressed back up in his sweat suit.

25. Per Connecticut Department Corrections Administrative Directives 4 point restraints is of last resort & only to be used if inmate is a threat to himself or others which the Plaintiff didn't meet such criteria.

26. Lt. Madden instructed Defendants C/O Thibideau C/O Corl & C/O Le Rota to escort the Plaintiff to the cell bed where the Plaintiff was 4 point restrained on his stomach while the Plaintiff complained of his nose bleeding.

27. The leather straps on the Plaintiff's ankles were not applied properly & came loose & finally came off as the Plaintiff moved his legs.

28. The Plaintiff was then placed on hard restraints at the direction of the shift commander Defendant Capt. Webr.

29# Defendant C/O Thibideau was placing all the hard restraints while Defendant C/O Carl held all the Plaintiff limbs. When Defendant C/O Thibideau began to change the Plaintiff's hand restraints he straddled the Plaintiff's back & was trash talking the Plaintiff calling me f'ing punks & so forth.

30# When it came time to change the Plaintiff's right wrist Defendant C/O Thibideau put the restraint (hard) on & was adjusting it when he broke the handcuff key inside the handcuffs key hole & tightend it until my fingers went numb as Defendant C/O Carl held my arm.

31# The Plaintiff informed Defendant Lt. Madden that the restraint was too tight & that Defendant C/O Thibideau broke the handcuff key inside the key hole & I was told "you'll be alright." & everyone left the cell.

32# At about 4:00 pm the Plaintiff told the Warden Donahue about the handcuff & was told you brought on yourself & left.

33# At around 4:50 pm Capt. Cusunano, came to feed the Plaintiff his dinner when the Plaintiff informed him about the restraint. Capt. Cusunano tried to open the restraint couldn't & left.

34# Capt. Cusunano came back with the bolt cutters. The restraints were so tight & close to my skin that the bolt cutters nipped the Plaintiff inner right wrist by accident. which 4 plus years later a scar still exist.

35. Shortly after Capt. Cusumano took pictures of the Plaintiff's face & wrist. The Plaintiff's eyes were black (eye sockets) & his nose was swollen & real stuffy.

36. The Plaintiff was issued two (2) Disciplinary Reports:
   a. Destruction of State Property - at about 10 AM
   b. Interfering with Safety & Security - for Women Courtesy sign at about 1:45 PM.

but none for Disobeying Direct Order or Causing A Disruption (latching the door).

37. The Plaintiff plead guilty to Destructing State Property & not guilty to Interfering with Safety & Security due to having permission from the Unit Manager & Defendant Weir to put up "Women's Courtesy" sign & it was dismissed. The Plaintiff filed a grievance, appealed it & refiled it to no avail & no response.

Claims for Relief

36. The Defendant Capt. Weir ordering Defendant Lt. Madden to assemble an extraction team to 4 point the Plaintiff for calling her a bitch was abuse of her authority & used it for punishment purposes with sadistic & malicious intent.

37. The Defendant Lt. Madden ordering Defendant C/O De Rota to use the shield against the Plaintiff while he was 100 percent compliant & caused the Plaintiff's nose to be cut & bleed from the cut & his nostrils abused his authority & used his authority for punishment sadistic & malicious reasons & his failure to address the broken handcuff key inside the handcuff compromised the Plaintiff's safety & well being & put him in a very dangerous & hazardous situation. & failure to report such incidents violated the Plaintiff's rights & D.O.C. Policy.

40# Defendant C/O De Roza's abuse of the shield by hitting the Plaintiff in the back of the head while he was handcuffed behind the back & facing the wall & complying constitutes assault & cause the Plaintiff's nose to be cut & bleed at the bridge of it & to bleed from his nostrils as well as cause dizziness. Violated the Plaintiff's rights & state law & D.O.C. policy.

41# Defendant C/O Thibedeau actions by breaking the handcuff key inside the handcuff & not reporting to his supervisor that was present put the Plaintiff's life & health to be subjected to pervasive harm. Which also caused the Plaintiff to be cut by the bolt-cutters when he put the handcuff's on until it wouldn't click any more which violated the Plaintiff's rights.

42# Defendant C/O Carl whom witnessed Defendant C/O Thibedeau's actions & failed to report it to anyone after he saw it with his own two eyes he assisted the Plaintiff to be subjected to a pervasive harm.

<u>Relief Requested</u>

A. Issue a Declaratory Judgement: that the Defendants Capt. Weir, Lt. Molden, C/O De Roza, C/O Thibedeau & C/O Carl's actions violated the Plaintiff's Constitutional Rights under the 8th Amendment to be free from Excessive Use Of Force & Cruel & Unusual Punishment & such actions stated through out the complaint caused the Plaintiff's physical injuries.

B. Compensatory Damages
C. Punitive Damages
D. Court Fee's / Filing Fee's

E. Attorney Fee's If Applicable
F. Any Other Relief Deemed Appropriate By the Court

Respectfully Submitted:
x_Eduardo Martinez_____
Eduardo Martinez, Pro-Se
#234148   P.O. Box 665
Northern C.I.
Somers, CT. 06071