UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARDO MARTINEZ | : | PRISONER |
| | : | NO. 3:00CV1140(DJS)(TPS) |
| VS. | : | |
| | : | |
| CAPTAIN KIM WEIR, ET AL. | : | FEBRUARY 8, 2005 |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT DATED JUNE 10, 2004**

**PRELIMINARY STATEMENT**

    1.    The allegations in this paragraph are denied.

**JURISDICTION**

    1.    Paragraphs 1 and 2 are denied.

**PARTIES**

    1.    Paragraph 3 is admitted.

    2.    As to Paragraph 4, the defendants admit that the defendant, Kim Weir, was, at the times referenced in the plaintiff's amended complaint, employed by the Connecticut Department of Correction as a Captain at the MacDougall-Walker Correctional Institution. The rest and remainder of the allegations are denied.

    3.    As to Paragraph 5, the defendants admit that the defendant, Michael Madden, was, at the times referenced in the plaintiff's amended complaint, employed by the Connecticut Department of Correction as a Lieutenant at the MacDougall-Walker Correctional Institution. The rest and remainder of the allegations are denied.

4.  As to Paragraph 6, the defendants admit that the defendant, Fred DeRota, was, at the times referenced in the plaintiff's amended complaint, employed by the Connecticut Department of Correction as a Correctional Officer at the MacDougall-Walker Correctional Institution.  The rest and remainder of the allegations are denied.

5.  As to Paragraph 7, the defendants admit that the defendant, Michael Thibodeau, was, at the times referenced in the plaintiff's amended complaint employed by the Connecticut Department of Correction as a Correctional Officer at the MacDougall-Walker Correctional Institution.  The rest and remainder of the allegations are denied.

6.  As to Paragraph 8, the defendant admit that the defendant, Edward Corl, was, at the times referenced in the plaintiff's amended complaint, employed by the Connecticut Department of Correction as a Correctional Officer at the MacDougall-Walker Correctional Institution.  The rest and remainder of the allegations are denied.

**FACTS**

1.  As to Paragraphs 9 through 37, the defendants admit that on October 28, 1999, the plaintiff was housed in the Segregation Unit at the Walker Reception Center, Special Management Unit, at MacDougall-Walker Correctional Institution, and admit that plaintiff pled guilty to a Disciplinary Report for Destruction of State Property.  The rest and remainder of the allegations are denied.

**CLAIMS FOR RELIEF**

1.  All of plaintiff's Claims For Relief alleged in Paragraphs 38 through 42 are denied.

## AFFIRMATIVE DEFENSES

**As to all claims:**

### FIRST AFFIRMATIVE DEFENSE

The allegations of the amended complaint do not state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent that this case is effectively against state officials and employees in their official capacities, it is barred by the Eleventh Amendment to the United States Constitution.

### THIRD AFFIRMATIVE DEFENSE

At all times relevant to this lawsuit, the defendants acted within the scope of their duties as officials/employees of the State of Connecticut performing discretionary functions and they acted within their qualified immunity.

### FOURTH AFFIRMATIVE DEFENSE

The defendants, at all times relevant to the Amended Complaint, were state officials/employees and their conduct was not wanton, reckless or malicious, and was within the discharge of their duties or within the scope of their employment. They are, therefore, immune from liability pursuant to Conn. Gen. Stat. § 4-165 and under the doctrine of sovereign immunity and their common law privileges and immunities.

### FIFTH AFFIRMATIVE DEFENSE

As to all claims alleging state law causes of action, if any, such may only be maintained upon authorization by statute or by order of the State Claims Commissioner, and since the

plaintiff has not and cannot demonstrate authority or authorization, this action is barred under the doctrine of sovereign immunity, the doctrine of primary jurisdiction and for failure to exhaust administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

The Federal Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims, if any.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff has failed to exhaust his administrative remedies required by the Prison Litigation Reform Act.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege and prove personal participation or responsibility.

DEFENDANTS,
Captain Kim Weir, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____/s/_____
 Robert F. Vacchelli
 Assistant Attorney General
 Federal Bar #ct05222
 110 Sherman Street
 Hartford, CT  06105
 Telephone No.: (860) 808-5450
 Fax No.: (860) 808-5591
 E-Mail:  robert.vacchelli@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this 8th, day of February, 2005 to:

Eduardo Martinez, Inmate No. 234198
Northern Correctional Institution
287 Bilton Road
Somers, CT  06071

_____/s/_____
Robert F. Vacchelli
Assistant Attorney General