United States District Court
District of Connecticut

Eduardo Martinez, Pro-Se

Docket No.#: 3:00-CV-1140 (BJS)(HBF)    **FILED**

Capt. Weir Et. Al.

Date: March 31, 2005

2005 APR 11  P 4:19

U.S. DISTRICT COURT
BRIDGEPORT, CONN

## BRIEF IN SUPPORT OF MOTION TO COMPEL DISCOVERY

### STATEMENT OF CASE:

This is a §1983 action filed by a PRISONER who was housed at Walker Reception & S.M.U. a Connecticut State Correctional Institution seeking damages, declaratory judgement based on the use of Excessive Force, Deliberate Indifference, and Cruel & Unusual Punishment.

### STATEMENT OF FACTS:

On December 12, 2004 the Plaintiff filed a request for "Production of Documents" Pursuant to Rule 34 Fed. R. Civ. P.. As set forth in the Plaintiff's Affidavit the Defendants "objected" to some of the requested "Production of Documents." The Plaintiff attempted to resolve the discovery issues in writing to A.A.G. Robert Vacchelli and by trying to call him also. Both of the Plaintiff's efforts went unanswered. see Plaintiff's Affidavit.

ARGUMENT

Point I

## THE DISCOVERY SOUGHT IS RELEVANT TO THE CLAIMS & DEFENSES IN THIS CASE.

The Defendants "Objections" state that the documents requested by the Plaintiff are: Overly broad, vague, burdensome and not calculated to lead to the Discovery of admissable evidence. Their argument is frivolous.

Rule 26, Fed.R.Civ.P., permits discovery of matters "relevant" to the subject matter involved in the pending action... It is not ground for "objection" "that the information sought will be inadmissable at the trial if the information sought appears reasonably calculated to lead to the discovery of admissable evidence." In the discovery stage, relevance is construed "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that can bear on, any issue that is or may be in the case." Oppenheimer Fund Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct 2380 (1978) (footnote omitted); accord, Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315 (S.d. Iowa 1992). Discovery requests should be allowed "unless it is clear that the information sought can have no possible bearing upon the subject matter of the action."

La Chemise Lacoste v. Alligator Co., Inc., 60 F.D.R. 164, 171 (D. Del 1973) see

Nash v. Thielke, 743 F.Supp. 130 (E.d. Wis 1990) (the Plaintiff was entitled to an officers urine test results, since the officers sobriety during the incident was an issue in the case.)

Each item sought by the Plaintiff is "relevant" to the claims and defenses in this case.

### A. Documents relevant to what time the Defendants left the work place on October 28, 1999 while working at Walker Reception & S.M.U.

Request for Production of Documents request number 9 seeks: Log book entries, dates, times as to what time the Defendants left the work place on October 28, 1999 at W.R. & S.M.U. (Walker Reception & S.M.U.) Defendants Capt. K. Weir, Lt. M. Madden, C/o F. De Rosa C/o M. Thibadeau, and C/o R. Corl.

The Defendants state generally in their objection that "Overly broad, vague, burdensome and not calculated to lead to the discovery of admissable evidence." Their description of the documents sought is inaccurate and their legal position is incorrect.

First, the kind of information sought is highly relevant. The Plaintiff has information that Defendant Capt. Weir whom ordered the use of force and authorized it and was infact the shift Commander that day left the work place before she reviewed the video tapes, documents

relevant to the case of force against the Plaintiff but put her signature on documents that were created well after she left the work place meaning that she neglected purposefully and knowingly her duties as Shift Commander and when such documents are entered on the record under oath if she states that those documents are authentic and accurate while her signature is on them but they were created at a time she wasn't even on duty as it is portrayed will be perjury and admissible in court a trial. Evidence to that effect will also be highly relevant to the claim of supervisory liability against defendant Capt. Weir set out in §§ 17 and 28 of the Complaint.

See <u>Parrish v. Luckie</u>, 963 F. 2d 201, 205-06 (8th Cir. 1992);

<u>Foley v. City of Lowell, Mass.</u>, 948 F. 2d 10, 14-16 (1st. Cir 1991);

<u>Gutierrez-Rodriguez v. Cartagena</u>, 882 F. 2d 553, 572-75 (1st Cir. 1989);

<u>Fletcher v. O. Donnell</u>, 867 F. 2d 791, 794 (3d Cir. 1989)

This evidence is directly related to this case and could bring about other defendants seeing as though the evidence requested would show that the Defendants did over time, from 3:00 pm on October 28, 1999 until at least 4:30 pm on October 28, 1999. Capt. Weir who put her signature verifying she investigated a issue relevant to this complaint which occured at about 5:30 pm on would've been at work on October 28, 1999 at about 5:30 pm as she sign verifying such it not it brings issue as to her credibility as what she says relevant to October 28, 1999 relating to force she authorized/ordered against the Plaintiff.

## B. Documents relevant to Communication regarding the Plaintiff's Grievance about Excessive Use of Force & Deliberate Indifference.

"Request for Production of Documents" request number 10 seeks: "Inter-Office Memos, Phone call records, E-Mails made by Major Lynn Millings or (Interstate Compact Office) to Grievance Co-Ordinator regarding Grievance filed and vice versa."

The Defendants state generally in their "Objection" that it is "Overly broad, vague, burdensom and not calculated to lead to discovery of admissable evidence. Without waving the objection see records supplied" Their description of the documents sought is inaccurate and their legal position is incorrect.

First, the Plaintiff seeks documents which are a part of his exhaustion of Administrative Remedies. The documents provided are simply the level two (2) Grievance response and the Plaintiff's level three (3) Grievance unanswered. In the level two (2) Grievance response it is said that the Plaintiff withdrew his level one (1) Grievance which is false & the Plaintiff was asking for communication of said information related to Major Lynn Millings by the Grievance Co-Ordinator and what Major Lynn Millings communicated in return. Along with the cases provided in paragraph A. of this Motion/Brief the Defendants Affirmative Defense that the Defendants

states the Plaintiff did not exhaust his available remedies where as the Grievance Co-Ordinator states to Major Lynn Millings that the Plaintiff withdrew such Grievance which this evidence which is also said to had been investigated by someone other than the Defendants could infact be relevant and admissable as the Defendants already identify in their Affirmative Defenses the Seventh (7th) to be exact filed February 8, 2005 is extremely relevant.

For these reasons the material sought is relevant and should be Produced.

## CONCLUSION

For the foregoing reasons, the Court should "grant" Plaintiffs "Motion To Compell Discovery.

Respectfully Submitted:

x Eduardo Martinez

Eduardo Martinez (Pro-Se) #134198
P.o. Box 665 / Northern C.I.
Somers, Ct. 06071