United States District Court
District of Connecticut

**FILED**

Eduardo Martinez Pro-Se

Docket No.: 3:00-CV-1140 (DJS)(HBF)

2005 APR 11 P 4: 19

Capt. Weir Et. Al.

Date: March 31, 2005

U.S. DISTRICT COURT
BRIDGEPORT, CONN

## AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL DEFENDANTS TO COMPLY WITH DISCOVERY REQUESTS MADE BY PRO-SE PLAINTIFF TO THE DEFENDANTS

The Pro-Se Plaintiff Eduardo Martinez has issued a "Request for Production of Documents" to the Defendants via their Counsel A.A.G. Robert F. Vacchelli (see attachment A.1) on December 17, 2004 to be responded to within 30 days. On January 10, 2005 the Defendants filed a "Motion for Extension of Time" (see attachment B.1) asking to be allowed to respond to such request by February 15, 2005. This Motion for Extension of Time was "GRANTED."

On or about February 2, 2005 the Defendants responded to the Plaintiff's "Request for Production of Documents." This response was in part fulfilled and in part "OBJECTED" to. (see attachment C.1) Those requests which were Objected to the Plaintiff responded to such Objections in writing to A.A.G. Vacchelli on February 9, 2005 (see attachment D.1) expressing why the Plaintiff believed such discovery should be provided. The Plaintiff even attempted to call the A.A.G. Vacchelli on or about March 12, 2005 at around 1:30 P.m. to resolve these discovery issues without going through intervention from this Court but A.A.G. Vacchelli refused to to the Plaintiff telling his secretary identified only as Natalie "for him to write me again."

The items are vital to this litigation and therefore the Plaintiff requests that the Defendants be "Compelled" comply with the Plaintiffs' Discovery Requests in full.

Respectfully Submitted:
Eduardo Martinez, being duly sworn states the above mentioned as fact.

x _Eduardo Martinez_        4/4/05
Eduardo Martinez (Pro-Se) #131198        Date
P.O. Box 665 / Northern C.I.
Somers, Connecticut 06071

BRIAN BRADWAY
NOTARY PUBLIC
MY COMMISSION EXPIRES 01/31/2008

County __Tolland__        Date: __4/4/05__
State __Connecticut__        Notary __Brian Bradway__

Eduardo Martinez, Pro-Se.            Docket No.: 3:00.1140(DJS)(HBS)

v.

Capt. Wier Et.Al.                    Date: December 17, 2004

## DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rule 34, Fed.R.Civ.P., the Plaintiff requests that the Defendants produce the documents/items listed below by providing the Plaintiff with copies of requested items in thier full content within 30 days of this request.

1# Level 1 Department of Correction Grievance filed by the Plaintiff on or about October 29, 1999 at Walker Reception & S.M.U. about excessive use of force by an extraction team & use of 4 point restraints.
See Attachment A.

2# Level 2 D.O.C. Grievance Appeal filed on or about January, 2000 by the Plaintiff sent to Interstate Compact Supervisor "Major Lynn Millings" appealing lack of level 1 response.
See Attachment A.

3# Level 3 D.O.C. Grievance Appeal filed on or about February-March, 2000 by the Plaintiff sent to Offender of Classification & Population Management "Director Fred Levesque" appealing the level 2 response that Plaintiff withdrew grievance.
See Attachment A.

4# Letter from Complex Warden James Huckabey to Plaintiff April-May 2000 stating there is no record of grievance being filed at all.
See Attachment A.

5# Grievance Procedures for Connecticut Prisoners housed out of state as of October, 1999 up until August, 2001.  See Attachment A.

6# Plaintiff's Disciplinary history from October 28, 1999 up until November 9, 1999 not to exclude advocate statements, disciplinary summary forms, sanctions, & outcomes.
See Attachment A.

7# Investigation reports, outcome of such investigation, made by Grievance Co-Ordinator at Walker Receptional & S.M.U. in regards to paragraph 1# of this request.
See Attachment A.

8# Log book entries, dates, times, as to simulated code Red at Walker Receptional & S.M.U. on October 28, 1999 (Shift Commanders Office Log Book)
See Attachment A.

9# Log book entries dates times as to what time Defendants left the work place on October 28, 1999 at W.R. & S.M.U.
See Attachment A.

10# Inter-Office Memos, Phone call records, E-mails made by Major Lynn Millings (Interstate Compact Office) to Grievance Co-Ordinator regarding Grievance filed in paragraph #1, and vice versa.
See Attachment A.

11# Use of force reports, Investigation Reports, Incident Reports, Photos of Plaintiff regarding Incident Report # 99-430.
See Attachment A.

12# Grievance Administrative Directive effective October 28, 1999
See Attachment A.

13# Use of Force Directive effective October 28, 1999.
See Attachment A.

14# Defendants Disciplinary histories not to exclude investigation reports, findings etc. As being D.O.C. employee's
See Attachment A.

15. Defendants criminal history if any.

See Attachment A.

16. Plaintiff's Mental Health file from October 27, 1999 up until October 29, 1999 i.e. evaluations custody orders etc.

See Attachment A.

Respectfully Submitted:

x *Eduardo Martinez*
Eduardo Martinez Pro-Se
#234198
P.O. Box 665 Northern C.I.
Somers, CT. 06071.

*Attachment B.1*

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDUARDO MARTINEZ | PRISONER<br>: CIVIL NO. 3:00CV1140 (DJS)(TPS) |
| V. | : |
| CAPT. KIM WEIR, ET AL. | : JANUARY 10, 2005 |

### MOTION FOR EXTENSION OF TIME

The defendants, Capt. Kim Weir, et al., by and through their undersigned counsel and pursuant to Rule 7(b), Local Rules of the United States District Court, respectfully request an extension of time, to and including February 15, 2005, within which to respond to plaintiff's Request for Production dated December 17, 2004, in the above captioned case.

The additional time is needed because counsel is still in the process of collecting information necessary for the response, and holiday schedules are interfering with progress. This is defendants' first request with respect to this time limitation. Plaintiff pro se inmate could not be contacted in advance at this time to determine his position with respect to this request.

Wherefore, the defendants request a second extension of time, to and including February 15, 2005, within which to file a response to plaintiff's Request for Production dated December 17, 2004, in the above captioned case.

**ORAL ARGUMENT NOT REQUESTED**

DEFENDANTS
Capt. Kim Weir, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY **/s/ Robert F. Vacchelli**
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5591
E-Mail: robert.vacchelli@po.state.ct.us
Federal Bar #ct05222

**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 10th day of January, 2005:

Eduardo Martinez, No. 234198
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT 06071

**/s/ Robert F. Vacchelli**
Robert F. Vacchelli
Assistant Attorney General

*Attachment B.2*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2005 JAN 25 P 2: 47
U.S. DISTRICT COURT
HARTFORD, CT.

EDUARDO MARTINEZ

v.

CAPTAIN WIER, et al.

PRISONER
Case No. 3:00CV1140 (DJS)(TPS)

## RULING ON PENDING MOTIONS

Pending before the court is the plaintiff's motion for copies of exhibits, and motions for extension of time filed by the defendants. The court addresses the plaintiff's motion first.

The plaintiff seeks free copies of seven pages of exhibits attached to the original complaint. He claims that he lost his copies of the exhibits and needs them to demonstrate that he has exhausted his administrative remedies with respect to the claims in this action. The plaintiff has submitted a prisoner account statement indicating that he has five cents in his account. The plaintiff's Motion for Copy of Exhibits [doc. # 20] attached to the complaint is **GRANTED** for good cause shown. The Clerk is directed to send plaintiff a copy of the seven pages of exhibits attached to the complaint [doc. # 2].

The defendants seek an extension of time until January 3, 2005, to file a response to the amended complaint. The Motion [doc. # 24] is **DENIED** as moot in view of the court's scheduling

order issued on December 17, 2004. The defendants Motion for Extension of Time [doc. # 27] until February 17, 2005, to respond to the complaint is **GRANTED**. The defendants' Motion for Extension of Time [doc. # 28] until February 15, 2005, to respond to plaintiff's December 17, 2004 request for production is **GRANTED**.

SO ORDERED this 25th day of January, 2005, at Hartford, Connecticut.

```
                         _____
                            Thomas P. Smith
                      United States Magistrate Judge
```

*Attachment C-1*

## ATTACHMENT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDUARDO MARTINEZ | PRISONER |
| | CIVIL NO. 3:00CV1140 (DJS)(TPS) |
| V. | : |
| CAPT. KIM WEIR, ET AL. | : FEBRUARY 2, 2005 |

### DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION DATED DECEMBER 17, 2004

1. None located, but grievance reported as withdrawn.

2. Copy attached in Attachment A.

3. Copy attached in Attachment B.

4. No records located.

5. See Inmate Handbook, Attachment C.

6. Objection. Overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, see records supplied in Attachment D.

7. See Attachments A and B.

8. Objection. Overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence.

9. Objection. Overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence.

10. Objection. Overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, see records supplied in Attachments A and B.

11. See Attachment E.

12. See Attachment F.

13. See Attachment G.

14. Objection. Overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence. Invasion of privacy. Jeopardizes security of facility, inmates and staff.

15. Objection. See objection to Request for Production No. 14.

16. Records Release received. Records will be forwarded upon receipt.

          DEFENDANTS
          Capt. Kim Weir, et al.

          RICHARD BLUMENTHAL
          ATTORNEY GENERAL

BY: *[signature]*
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5591
E-Mail: robert.vacchelli@po.state.ct.us
Federal Bar #ct05222

2

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 2nd day of February, 2005:

Eduardo Martinez, No. 234198
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT   06071

_____
Robert F. Vacchelli
Assistant Attorney General

3

Attachment 8.1

p. 1 of 4

EDUARDO MARTINEZ

v.

CAPT. WIER ET. AL.

DOCKET NO. # 3:00-1140(CRS)(HBS)

DATE: FEBRUARY 6, 2005

PLAINTIFF'S RESPONSE TO

DEFENDANT'S OBJECTIONS

TO THE PRODUCTION OF

DOCUMENTS REQUEST

Attachment 8.1                                pg 2 of 4

This is in response to all your objections to my Production of Documents request regarding the above captioned matter. I respectfully ask that you produce the information I requested by the time frame "you" stipulated or I will ask the court to intervene through a "Motion To Compel Production Request."

1# In paragraph #1 of my Production of Documents request you state that is no record of a level (1) one grievance filed by myself. According the A.D. 9.6 Inmate Grievances any & all grievances are to be logged given a identification number date of receipt & disposition. Although I did not withdraw my grievance provide the written withdrawal of such grievance the identification number, and the Grievance log for the days of October 30, 1999 through November 8, 1999. As already acknowledged by the D.O.C. my grievance was received by the grievance co-ordinator at WRSMCU he had to atleast assign the grievance a identification number & document date of withdrawal. Produce such.

2# In paragraph #4 of my Production of Documents request you state you could not located my requested information... WOW! Prior to your clients superiors taking my Master file out the facility to Central Office I got a copy of the letter out my Master file & a copy from the Court please see Attachment (A)

3# In paragraph #6 you objected to my request & provided only one disciplinary report please provide the Summary Report Advocate Report Inmates' Statement not to exclude outcome of such disciplinary report number 99-10068 for Interfering with Safety or Security on October 28, 1999 see Attachment (B)

4# In paragraph #8 of my Production of Documents request you objected. This information I request is relevant to my case as it shows how my life, physical & mental health were put in a hazardous predicament by me being 4 pointed to a bed with an inoperable mechanical restraint on my wrist during a possible simulated Code Red (which is a fire) & this was done by Defendants with malicious & sadistic use of 4 points on October 28, 1999 on 2nd shift. This is relevant & admissible evidence because it's evidence that my life was endangered.

5# In paragraph #4 of my Production of Documents request you objected citing my request jeopardizes security, staff, & inmates. The Defendants disciplinary history is admissible when it pertains to Excessive Use of Force, Assaults, Being less than truthful (lying), not reporting incidents etc. To state that they have been disciplined for any of the aforementioned reasons it's critical to this case. I'm not asking for any addresses, phone numbers, date of births just simply their disciplinary histories what they were disciplinary acted against for dates, places. That doesn't jeopardizes anyone or security it happened already & none of those Defendants are at their original job assignments. Please produce.

6# In paragraph #5 of my Production of Documents you objected. These Defendants criminal history is Public Information. My criminal history is Public Information so is theirs. Please Produce.

7# In paragraph #9 of my Production of Documents you objected. This information is critical as it would answer why Capt. Weir didn't review the Use of Force as she is required to on page 2 of the Incident Report "Shift Commander review" & also it would mean she falsified/back dated a Use of Force

Attachment 8.1

*cont'd. report she signed. That is admissable as evidence & it does not jeopardize anything it was over 4½ years ago & all it states is when each defendant left their jobs that day. Unless of course you are attempting to hide something

Respectfully Requested:

x *Eduardo Martinez*
Eduardo Martinez, Pro-Se.

# CERTIFICATION

I, Eduardo Martinez, certify that on this 2 day of February, 2005 I sent this "PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTIONS TO THE PRODUCTION OF DOCUMENTS REQUEST" via the facilities mail to: A.A.G. Robert F. Vacchelli
110 Sherman Street
Hartford, Ct. 06105

x *Eduardo Martinez*
Eduardo Martinez #234198
P.O. Box 665
Northern C.I.
Somers, Ct 06071



# STATE OF CONNECTICUT
### DEPARTMENT OF CORRECTION
### COMPLEX 4
1153 East Street South, Suffield, CT 06080
Tel.: 627-2240   Fax: 627-2227

*James E. Huckabey*
*Warden - Complex 4*

*Mr. Edwardo Martinez #234198*             April 4, 2000
*Wallens Ridge State Prison*
*P.O. Box 759*
*Big Stone Gap, VA 24219*

Mr. Martinez:

This letter is in response to your Level 2 Grievance regarding an incident which allegedly occurred at Walker RSMU. Since there is no record of a Level 1 Grievance we cannot respond to your appeal.

I recommend that you file a Level 1 grievance if you still have concerns.

Sincerely,

James E. Huckabey
Complex Warden

c: Commissioner Armstrong
   Director Levesque
   Warden Wezner
   Correspondence