United States District Court of Connecticut

MAR 17 2005

Eduarda Martinez, Pro-Se

v.

Capt. Weir . Et.Al.

Docket No.#: 3:00: CV 1140 (AVC) (TPS)

Date: March 14, 2005

2005 APR 11 P 3: 47

U.S. DISTRICT COURT
NEW HAVEN, CT

# MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

The Plaintiff Eduarda Martinez A Pro-Se litigant moves to Strike the Defendants' Affirmative Defenses As Follows:

1. The Plaintiff does in-fact state a claim in which relief can be granted, contrary to the Defendants' "First Affirmative Defense."

A.) The Plaintiff alleges that he was assaulted with a shield while compliant with all orders and handcuffed behind the back causing cut on bridge of nose as well as bloody nose & hours later black eyes & swelling of eye sockets, all done with malicious & sadistic intentions, to cause wanton pain.

B.) The Plaintiff also alleges that he was subjected to 4 point restraints for malicious & sadistic reasons by the Defendants, not penological purposes nor to restore any order.

C.) The Plaintiff also alleges that the Defendant J. Thibideau broke the handcuff key inside the handcuff purposefully & tightend the restraint until it closed tightly around my wrist causing blood circulation to slow & fingers & hand to become numb, all the while placing the Plaintiff's health, safety & well being in a very compromising perdicament which could've been detrimental to his life, & done so maliciously, sadistically & with reckless disregard to my well being & to cause wanton pain.

Any of which proven would constitute Cruel & Unusual Punishment as well as Deliberate Indifference in which <u>relief can be granted</u> in form of Compensatory & or Punitive Damages.

## CASE IN SUPPORT OF ABOVE:

<u>Hudson v. McMILLIAN</u>, 503 U.S. 1; 112 S.Ct. 995; 117 L.Ed. 2d 156; 1992 U.S.
The use of excessive physical force against a prisoner may constitute cruel & unusual punishment even though the inmate does not suffer serious injury.

The Plaintiff asks that this Court strike this Defense from the record for the Aforementioned reasons.

2# The Plaintiffs Complaint is against state employee's acting under color of state law but only in thier Individual Capacities which is not barred by the 11th Amendment of the U.S. Constitution As stated in Defendants "Second Affirmative Defense":

A.) The Plaintiff's Amended Complaint specifically states All Defendants Sued In thier Individual Capacities (see A.1)

B.) The Plaintiff at no time lists the Dept. of Corrections, state of Connecticut or any other state agency as defendants.

C.) The Plaintiff's allegations of Excessive Force & Cruel & Unusual Punishment will prove that Defendants clearly violated established statutory or Constitutional rights of which a reasonable person would have known. Also the 11th Amendment does not bar suing state officials in their Individual capacities.

## CASES IN SUPPORT OF ABOVE:

MONELL v. NEW YORK CITY DEPT. of SOCIAL SERVICES, 436 U.S. 658, 690 n. 54 98 S.Ct. 2018 (1978)

SCHMELZ v. MONROE COUNTY, 954 F.2d 1540, 1543 (11th Cir. 1992)

FAY v. SOUTH COLONIE CENTRAL SCHOOL DISTRICT, 802 F.2d 21, 27 (2d Cir. 1986)

the Plaintiff asks that this Court strike this defense from the record for aforementioned reasons.

3# The Plaintiff's allegations against the Defendants are not within the scope of thier duties as employee's of the state of Connecticut performing discretionary functions... & they did not act within their Qualified Immunity. As stated in their "Third Affirmative Defense"

A.) It is not within the scope of the Defendants duties to use force with a shield against the Plaintiff while he was handcuffed behind the back with his back being visible to the Defendants resulting in the Plaintiff bleeding from a cut on the bridge of his nose & his nostrils & dizzyness, Also known as Excessive Force.

B.) It is not within the scope of the Defendants duties to use for purpose of inflicting sadistic, malicious, & wanton pain by breaking cuff key inside cuff then tightening it until it wouldn't get any tighter. This type of behavior is not taught supported, by Dept. Correction policy & or training.

## CASE IN SUPPORT OF ABOVE:

HAFER v. MELO, 502 U.S. ___, 112 S.Ct. 358 (1991)

the Plaintiff asks that this Court strike this defense from the record for the aforementioned reasons.

4# the Plaintiff's Request to strike this ~~fourth~~ Fourth Affirmative defense from the Record for the same Reasons as in Paragraph 3# (sections A. & B.) the defendants Acted beyond the discharge of their duties or scope of their employment with wanton, malicious, & reckless actions.

5# the Plaintiff's state law claims can at this time be considered with-drawn as the Plaintiff plans on amending Complaint after conclusion of discovery. The Plaintiff has no issue with this Fifth Affirmative defense at this time, but still retains his right to pursue such upon completion of discovery if anything supporting such is discovered.

6# the Plaintiff stands as same on the Sixth Affirmative defense as on Fifth Affirmative defense in paragraph #5.

7# the Plaintiff has exhausted his available administrative remedies as required by P.L.R.A. contrary to the defendants Seventh Affirmative defense, as follows:

A. Hthe Plaintiff filed a level (1)one inmate Grievance on or about October 29.1999 alleging Excessive use of force Assault & cruel unusual punishment violations. This Grievance was never responded to nor was the Plaintiff seen about it by anyone prior to his transfer (or after such) to Virginias' Wallens Ridge State Prison. While at W.R.S.P. the Plaintiff; the Plaintiff appealed the level (1)one Grievance not being responded to on January 18.2000 specifically stating that my level (1)one Grievance was not responded to about the cell extraction squad slamming my face against the wall. Major Lynn Milling denied my level (2)two appeal on February 8.2000 stating the Grievance Co-Ordinator at W.R.S.MU. said I withdrew my Grievance. I appealed to level (3)three stating I never withdrew my level (1)one Grievance I asked to provide signatures of withdrawl as required by policy & to respond to my Grievance as it should be. On or about April 6 or 7.2000 I got a letter from Complex Warden James E. Huckabey stating "in response to my level (2)two there is no record of a level (1)one Grievance he could not respond to my appeal, & if I still had concerns file a level (1)one Grievance. (see A.2# B.2)

3) On or about April 8, 2000 the Plaintiff mailed 1 level one grievance to the Ct. D.O.C. at Walker Receptional & S.M.U. % Grievance Co-Ordinator re-filing it with a letter from Complex Warden James Huckabey explaining my issue as brief as possible & kept a copy. On or about May 9, 2000 I appealed the fact that I did not get a response within 30 days which I mailed to Ct. D.O.C. Complex 4 % Complex Warden James Huckabey the level (2) two appeal responder for Grievances Appeals stemming from Walker Receptional & S.M.U..
The Plaintiff then waited until about June 1, 2000 when he mailed out his complaint to this court. On or about June 10, 2000 the Plaintiff appealed his Grievance (level (2) two) to the level (3) three reviewer, for not responding to his level (2) two Grievance. (see# 3 B. 3)
this was the Plaintiff's second time attempting to address the excessive force issue & the handcuff issue.

Thus the Plaintiff requests that this Court strike all Aforementioned Affirmative Defenses.

e# As to the Defendants Eighth Affirmative Defense that Plaintiff has failed to allege and prove personal participation or responsibility The Plaintiff states as follows:
A) Capt. Weir the shift commander on said date (10.28.99) ordered/authorized the use of 4-point restraints against the Plaintiff

B) Capt. Weir ordered/authorized the use of a cell extraction team via H. Walden & the extraction team (% Ce Rota, % Thibideau, % Carl) against the Plaintiff, without trying less means of force for a alleged misconduct the Plaintiff was never convicted of then or after the fact & a alleged misconduct (kicking the door) which only came up after the use of force was done never prior to that.

C) Capt. Weir when personally interviewed this Plaintiff knew that the Plaintiff wouldn't resist when told to be handcuffed if ever ask prior to extraction team being brought to the Plaintiff's assigned cell

C) Capt. Weir ordering/authorizing such use of an extraction team & 4-point restraints directly involved her & was the cause of the Plaintiff's physical abuse as well compromising his health & safety. Her not reviewing the video tapes or properly investigation of the use of force (she ordered/authorized

D...tary...) contributed to jail having the Plaintiff suffer from mistreatment physical pain (nose, head, back & wrist) & subjection to possible detrimental life threatening conditions.

E.) Lt. Madden having been ordered to conduct the use of force (4 point restraints & extraction team) was giving orders to the extraction team on what to do such as using a shield against the Plaintiff while he was handcuffed behind the back, facing the wall with his back to the defendants & by Lt. Madden's own reporting the Plaintiff was calm & very co-operative.

F.) Lt. Madden's instructions to C/o Le Rota, C/o Thibideau & C/o Earl of "go get him". After acknowledging the Plaintiff was compliant & such was said to be done for precautionary measures but resulted in the Plaintiff being hit with a shield in the back of the head causing cut on bridge of nose & bloody nose (& eventually 2 black eyes & swollen eye sockets) & head aches for weeks after.

9.) Lt. Madden having been notified on camera by the Plaintiff that C/o Thibideau broke the handcuff key inside the handcuff & stated "you'll be alright" having the authority to address such directly contributed to the detrimental conditions the Plaintiff was subjected to. Lt. Madden not reporting it having knowledge of such shows his intent to cover it up.

H.) C/o Le Rota knowing & seeing the Plaintiff handcuffed behind his back in compliance with all orders given by Lt. Madden used brute & unnecessary force against the Plaintiff with the shield causing the Plaintiff's face to smack against the cinder-block wall resulting in a cut on the bridge of Plaintiff's nose, a bloody nose & pain all the while it's said it was for pre-cautionary reasons & at the direction of Lt. Madden.

I.) C/o Thibideau while changing the restraints on the Plaintiff, deliberately broke the handcuff key inside they handcuff & left it as such knowing it was inoperable & hazardous to the Plaintiff's health in case of an emergency & failed to report such to Lt. Madden or any

other supervisor & tightened the restraint to it's capacity causing the plaintiff to lose feeling in his right hand for about 2½ hours.

J.) C/o Carl along with C/o De Rota having witnessed how C/o Thibadeau deliberately broke the handcuff key inside the handcuff & failed to report such to prevent injury to the plaintiff's health safety & well being acted in-concert with the unconstitutional & unlawful acts towards the plaintiff.

K.) The plaintiff refers this Court to the following to prove what he claims against the Defendants As follows in refrence to paragraph 8th:

1.# 8# A. see Attachment A.4 Shift Commander Review.
2.# 8# B. see Attachment A.4 & A5
3.# 8# B. see Attachment A.4
4.# 8# E. see Attachment A.6
5.# 8# F. see Attachment A.6 & A.7 & ___
6.# 8#g. writing to provide video tapes of incident in custody of Ct. B.O.C. see Attachment A.8 A.9 A.10
7.# 8#H. see Attachment A.11 & A.12
8.# 8#I. see Attachment A.12 & A.14
9.# 8#J. see Attachment A.13, A.15, A.16, A.17, A.18, ___

Eduardo Martinez
Eduardo Martinez

# CERTIFICATION

I, Edwardo Martinez the Pro-Se Plaintiff have sent a copy of the following:

MOTION TO STRIKE DEFENDANTS AFFERMATIVE DEFENSES

to the Defendants Attorney Robert F. Vacchelli
110 Sherman St
Mackenzie Hall
Hartford, Ct. 06105

on this 14th day of March 2005
via prison mail

x Edwardo Martinez
Edwardo Martinez #234198
P.O. Box 665
Northern C.I.
Somers, Ct 06071

Exhibit 1.1.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

p. 1 of 9

Eduardo Martinez, Pro-Se    :

v.

Capt. Kim Weir Et. Al.    :
Lt. Mike Madden
C/o Fred LeRota,    :
C/o Mike Thibadeau
C/o Ed Carl    :

Docket No.#: 3:00 cv 1140 (DJS)(TPS)

Date: June 10. 2004

~JURY TRIAL DEMANDED~

*AMENDED COMPLAINT*

*ALL DEFENDANTS SUED INDIVIDUAL*
*CHARACTERS*

---

_Preliminary Statements_

This is a Civil Rights action filed by EDUARDO MARTINEZ, a state prisoner for damages under 42 U.S.C. §1983 alledging he was assaulted by Correctional Employees & had 4-point restraints used on him in a Malicious manner to inflect wanton pain while housed at Walker Recreational Center & S.M.U.. Violating the Plaintiff's 8th Amendment Right of the United States Constitution by using Excessive Force & subjecting the Plaintiff to Cruel & Unusual Punishment.

_Jurisdiction_

1. The court has jurisdiction over the Plaintiff's claim of violation of federal constitutional rights under 42 U.S.C §§ 1331(a) & 1343.

2. The court has supplemental jurisdiction over the Plaintiff's state law tort claims under 28 U.S.C. §1367



# Inmate Grievance Form B, Levels 2 and 3
### Connecticut Department of Correction

CN 96
1-14-

| Inmate name ED MARTINEZ | | | Inmate no. V.A. 075858 |
|---|---|---|---|
| Housing location OUT OF STATE - VIRGINIA WALKER RIDGE STATE PRISON | | | Date 1-18-00 |

| [✓] Line grievance | [ ] Line emergency | [ ] Health service grievance | [ ] Health emergency |
|---|---|---|---|

| IGP no. 2 VA - 00 - 4 | T no. |
|---|---|

Use this form to appeal a Level-1 decision. Grievance Form A (for Level 1) and any attachments mu accompany this form; no review will be undertaken if they do not accompany this form. Your appea must be filed within 5 days of the Level-1 response; deposit it in the box for inmate grievances.

Appeal. I am appealing the Level-1 decision because: IT WAS NEVER RESPONDED TO. I FILED IT ON 10/29/99 WHILE HOUSED AT WALKER RECEPTION & S.M.U. FOR 6's/EXTRACTION SQUAD SLAMMING MY FACE AGAINST WALL WHILE HANDCUFFED, & NOT RESISTING AT ALL ON 10/28/99 AT W.R. & SMU SEG

Inmate signature Eduardo Montanez          Date 1/18/00

### FOR OFFICIAL USE ONLY
### LEVEL 2 REVIEW

| Date received | 1/28/00 | Disposition: | Denied | Date of disposition | 2/8/00 |
|---|---|---|---|---|---|

Reasons: The grievance coordinator at WRSMU was contacted and he indicated you withdrew a grievance regarding the noted matter when you were advised an investigation would be completed. As such, there would be no grievance response. Please note the incident was investigated by WRSMU staff. The extraction was videotaped and you were seen by medical staff.

Level-2 reviewer          L. Milli    For Level 1 response as no other

[ ] This grievance may be appealed within 5 days to Level 3.   grievance is on file

[ ] This grievance may not be appealed to Level 3 (see Administrative Directive 9.6, Section 17).

Appeal. I am appealing the Level-2 decision because: I NEVER WITHDREW MY GRIEVANCE ON THE ABOVE NOTED ISSUE AS IT IS ALLEGED BY WHOM MS. MILLING SPOKE TO. SHOW SIGNATURES OF SUCH ALLEGATION. A GRIEVANCE CAN ONLY BE WITHDRAWN WITH ONE'S SIGNATURE. PLEASE PROVIDE DATE & SIGNATURE OF WITHDRAWN. I WANT MY GRIEVANCE RESPONDED TO AS IT SHOULD & SUPPOSED TO BE.

Inmate signature Eduardo Montanez  #075858          Date 2/17/00

### Deposit your appeal in the box for inmate grievances.

### FOR OFFICIAL USE ONLY
### LEVEL 3 REVIEW

| Date received | Disposition: | Date of disposition |
|---|---|---|

Reasons:



Level-3 reviewer



# STATE OF CONNECTICUT

### DEPARTMENT OF CORRECTION
### COMPLEX 4
*1153 East Street South, Suffield, CT 06080*
**Tel.: 627-2240    Fax: 627-2227**

*James E. Huckabey*
*Warden - Complex 4*

Mr. Edwardo Martinez #234198                                    *April 4, 2000*
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, VA 24219

Mr. Martinez:

*This letter is in response to your Level 2 Grievance regarding an incident which allegedly occurred at Walker RSMU. Since there is no record of a Level 1 Grievance we cannot respond to your appeal.*

*I recommend that you file a Level 1 grievance if you still have concerns.*

Sincerely,

James E. Huckabey
Complex Warden

c: Commissioner Armstrong
    Director Levesque
    Warden Wezner
    Correspondence

Exhibit #3

CN 9601A
7-1-98

# Inmate Grievance Form A, Level 1
## Connecticut Department of Correction

| Inmate name Ed Martinez | Inmate no. CT#233198 VA#925858 |
|---|---|

| Facility out of state - Virginia Wallens Ridge | Housing unit | Date 1/8/00 |
|---|---|---|

[✓] Line grievance  [ ] Line emergency  [ ] Health grievance  [ ] Health emergency

1. Informal resolution. Attach a copy of Inmate Request Form (CN 9602) containing the appropriate staff member's response, or indicate why the form is not attached.

Wrote first grievance at W.R.SM.U. on October 29, 1999 but the grievance Coordinator withdrew it without my consent. See attached letter telling to re-file.

2. Nature of grievance. Indicate the events and reasons that led you to file this grievance. Specify dates, places, personnel involved, and how you were affected. (If you need more space, use an 8-1/2-by-11-inch sheet of paper and attach it to this form.)

On October 28, 1999 I was assaulted by an extraction team & suffered injuries to my face while I was handcuffed behind my back complying with all orders given by the Lt. I was put on 4-point for nothing with a cut on my nose, bloody nose when the % broke the handcuff key in the handcuff & put it tight. I told the Lt. who ignored it. I was cut by the bolt cutter when the cuff was being cut off the next day my eyes were black & swollen because of the shield man & the extraction team assaulting me.

3. Action requested. Describe what action you want taken to remedy the grievance. (1) I want for all those responsible suspended & dealt with. (2) I want the video saved for court.

| Inmate signature Edward Martinez #925858 |
|---|

You may appeal this decision within 5 days. Use Inmate Grievance Form B.

## FOR OFFICIAL USE ONLY. LEVEL 1 REVIEW

| IGP no. | T no. |
|---|---|

| Date received | Disposition | Date of disposition |
|---|---|---|

| Grievance issue | | |
|---|---|---|

| Reasons | | |
|---|---|---|

| Level-1 reviewer | |
|---|---|

C.C. In Personal File

Exhibit B-3

CN 9601B
7-1-98

# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

| Inmate name ED MARTINEZ | | Inmate no. V#385196 V#385848 |
| --- | --- | --- |
| Facility OUT OF STATE W.R.SP. | Housing unit | Date 5/10/00 |

[✓] Line grievance   [ ] Line emergency   [ ] Health grievance   [ ] Health emergency

| IGP no. | T no. |
| --- | --- |

Use this form to appeal a Level-1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within **5 days** of the Level-1 response; deposit it in the box for inmate grievances.

Appeal. I am appealing the Level-1 decision because It WAS not RESPONDED to BY the level one REVIEWER AT WALKER R.S.M.U. I WANT these CAPT., Lt., & C/O's HELD RESPONSIBLE FOR ASSAULTING me on October 28, 1999.

| Inmate signature Edward Martinez  #075858 VA | Date 5/10/00 |
| --- | --- |

## FOR OFFICIAL USE ONLY. LEVEL 2 REVIEW

| Date received | Disposition | Date of disposition |
| --- | --- | --- |

Reasons

Level-2 reviewer

[ ] This grievance may be appealed within **5 days** to Level 3

[ ] This grievance may not be appealed to Level 3 (see A.D. 9.6, Sect. 17)

Appeal. I am appealing the Level-2 decision because MY level two WAS not RESPONDED to within 130 DAYS AS it SHOULD'VE BEEN. I WAS told to REFILE WHICH I'VE DONE to no AVAIL. this is MY LAST step in EXHAUSTING the GRIEVANCE SYSTEM.

| Inmate signature Edward Martinez | Date 6/10/00 |
| --- | --- |

Deposit your appeal in the box for inmate grievances.

## FOR OFFICIAL USE ONLY. LEVEL 3 REVIEW

| Date received | Disposition | Date of disposition |
| --- | --- | --- |

Reasons

Level-3 reviewer

C.C. I/m PERSONAL file

Exhibit A.4

## CONTACTS

| Unit administrator Warden Donahue Duty Officer Major Torres | Date 10/28/99 | Time 3:00 | ☐ a.m. ☒ p.m |
|---|---|---|---|
| Central office    N/A | Date | Time | ☐ a.m. ☐ p.m |
| Outside agency    N/A | Date | Time | ☐ a.m. ☐ p.m |
| Police    N/A | Date | Time | ☐ a.m. ☐ p.m |
| Fire    N/A | Date | Time | ☐ a.m. ☐ p.m |

## OTHER ATTACHED REPORTS

| Use of force  14 | Medical incident  3 |
|---|---|
| Disciplinary  2 | Other (specify) Contraband 2, 15-min watch Pictures, Use of Force, Work order |

## CRIMINAL PROSECUTION

| If a staff member was assaulted during the incident, is criminal prosecution requested | ☐ Yes ☒ No | CT State Police Investigation no.  N/A |
|---|---|---|

Shift supervisor review on Summary Page 3. LT. Madden

Shift Commander review:

| Signature _____ | Title  Capt | Date 10/28/99 |
|---|---|---|

Unit administrator review:

*Good Package. Doors Painted.*
*4-Points Removed shortly thereafter.*

| Signature _____ | Title  USA | Date 11/3/99 |
|---|---|---|

Central office review:

| Signature | Title | Date |
|---|---|---|



# Job Description

| Classified/Competitive | | |
|---|---|---|
| **Class Code** | | |
| 2272 | | |

## PURPOSE OF CLASS:

In the Department of Correction at a large state correctional institution or center this class supervises a large staff of correctional personnel engaged in custody and security operations. At a small correctional center this class coordinates and directs all security and custody operations. In the Security Division this class supervises a staff who perform sensitive investigations or operations. At the Center for Training and Staff Development this class supervises a staff who are responsible for developing, coordinating and conducting training programs.

## SUPERVISION RECEIVED:

Receives general direction from an administrative official of higher grade.

## SUPERVISION EXERCISED:

Supervises custody, training and/or security personnel and other staff as assigned.

## EXAMPLES OF DUTIES:

Assumes delegated responsibility for custody and security of assigned inmates, buildings, grounds and operations; schedules, assigns, oversees and reviews work of staff; coordinates, plans and manages training activities; provides staff training and assistance; conducts performance evaluations; determines priorities and plans shift and/or unit work; establishes and maintains operating and/or training procedures; develops or makes recommendations on development of policies and standards; inspects posts frequently to insure adequate staffing; performs the most sensitive security investigations and ensuring accuracy of staff investigations; conducts training either within a correctional facility or oversees staff in performing training activities; maintains discipline among employees and inmates; supervises inmate count; supervises major facility group activities (i.e. meals, off site work); acts as liaison with other operating units, agencies and outside officials regarding unit policies and procedures; administers pertinent laws, regulations and posts orders; assists in preparation of budget; maintains contact with individuals both within and outside agency who might have impact on program activities; reviews and prepares reports and correspondence; maintains records; participates in crisis intervention as needed; may counsel inmates; may participate in disciplinary hearings; may quell disturbances or assist custodial personnel; performs related duties as required.

## MINIMUM QUALIFICATIONS REQUIRED
## KNOWLEDGE, SKILL AND ABILITY:

Considerable knowledge of modern correctional methods and practices; considerable knowledge of standard security measures and methods of inmate discipline; considerable interpersonal skills; considerable oral and written communication skills; supervisory ability.

## EXPERIENCE AND TRAINING:

http://www.das.state.ct.us/hr/Jobspec/JobDetail.asp?FCC=3086

Jan-21-2005  12:31pm    From-DOC COMMISSIONERS OFFICE    8605927483    T-334    P.004/005    F-488

Exhibit A.5

**General Experience:**

Five (5) years of experience in correctional work responsible for custodial security or inmate treatment.

**Special Experience:**

One (1) year of the General Experience must have been at the level of Correctional Lieutenant.

**Substitution Allowed:**

College training in behavioral sciences, corrections, criminal justice or a related field may be substituted for the General Experience on the basis of fifteen (15) semester hours equalling one-half (1/2) year of experience to a maximum of one (1) year.

**SPECIAL REQUIREMENTS:**

1.    Incumbents in this class are required to possess a high school diploma or General Educational Development (GED) certification.

2.    Incumbents in this class may be required to possess and retain a current Connecticut Motor Vehicle operator license.

**PHYSICAL REQUIREMENT:**

Incumbents in this class must possess general good health, be free from any disease or injury which would impair health and usefulness and retain sufficient strength, stamina, agility and visual and auditory acuity to perform the duties of the class. Incumbents may be required to pass a physical examination.

**WORKING CONDITIONS:**

Incumbents in this class may be exposed to some danger of injury or assault by inmates.

This replaces the existing specification for the same class in Salary Group MP 59 approved effective June 9, 1999. (Revised to change Salary Group)

2272A 8/20/04 cm

| 2272 | 772 | (26)-Penal-Corrective Services | (02)-MANAGERIAL | (2)-Professional | Aug 20, 2004 |
|------|-----|-------------------------------|-----------------|------------------|--------------|



Case 3:00-cv-01140-DGB Document 40 Filed 04/13/2005 Page 16 of 30

__Individual
XXSummary

Connecticut Department of Correction

Exhibit 1.6

CN6601
3-8-96

| Unit     Walker RSMU | Incident Location SEG CELL#7 | Report No  99-430 |
|---|---|---|
| Prepared by Michael Madden | Title   Lieutenant | Report Date  10/28/99 |

| Incident class  ___ 1 ___ 1a ___ 2 _X_ 3 | Type C | Time      3:10  __a.m.  _X_ p.m. |

AT APPROXIMATELY 3:00PM ON 10/28/99, THIS SUPERVISOR (LT. MADDEN) ASSEMBLED A

CELL EXTRACTION TEAM (OFFICERS LOOS, THIBIDEAU, BRIATICO, FULLARD, CORL AND

DERODA) AND BRIEFED THEM TO THEIR ASSIGNMENTS REGARDING PLACING INMATE

MARTINEZ#234198 SEG CELL#7 INTO FOUR POINT SOFT RESTRAINTS.  C/O BRUNTON WAS

ASSIGNED AS THE VIDEO RECORDER.  AT 3:10PM, I, LT. MADDEN, ENTERED THE

SEGREGATION UNIT GAVE INMATE MARTINEZ A DIRECT ORDER TO  TURN HIS BACK

TO HIS CELL DOOR AND STICK HIS HANDS THROUGH THE TRAP AREA TO BE HANDCUFFED.

INMATE MARTINEZ COMPLIED WITH THIS DIRECTION.  HE WAS THEN INSTRUCTED TO MOVE

TO THE REAR OF THE CELL AND REMAIN STILL.  NOTE: INMATE MARTINEZ APPEARED VERY

CALM AND WAS VERY COOPERATIVE AT THIS TIME.  UPON MY  DIRECTION, INMATE

MARTINEZ' CELL DOOR WAS OPENED AND THE EXTRACTION TEAM WAS ORDERED IN.

C/O DEROTA, FOR PRECAUTIONARY MEASURES, IMMEDIATELY RESPONDED TO THE REAR

OF THE CELL AND USED A SHIELD TO SECURE INMATE MARTINEZ AGAINST THE WALL.

C/O'S THIBIDEAU AND CORL THEN SECURED THE INMATE'S RIGHT AND LEFT ARMS. AT

THAT TIME I GAVE THE ORDER TO REMOVE THE SHIELD. C/O DEROTA  REMOVED THE

HANDCUFFS AND ORDERED MARTINEZ TO PLACE HANDS ON THE WALL IN FRONT OF HIM.

C/OS CORL, THIBIDEAU AND DEROTA DID A HANDS ON STRIP SEARCH OF MARTINEZ. AFTER

STRIP SEARCH WAS COMPLETED MARTINEZ WAS DRESSED WITH THE SAME CLOTHES HE

WAS WEARING. INMATE MARTINEZ WAS ESCORTED TO THE BED BY C/O CORL AND

THIBIDEAU AND PLACED HIM IN THE PRONE POSITION ON THE BED FACE DOWN. OFFICER'S

CORL AND THIBIDDEAU THEN PLACED SOFT RESTRAINTS ON TO MARTINEZ.

NURSE JUBREY  CHECKED THE RESTRAINTS.

I/M MARTINEZ REMOVEDTHE SOFT RESTRAINTS FROM HIS ANKLES SHORTLY AFTER
APPLIED.

AT 3;35 P.M. LT. MADDEN AGAIN DIRECTEDTHE SAME TEAM INTO MARTINEZ'S CELL.

MAJOR TORRES ORDERED HARD RESTRAINTS TO BE PLACED ON MARTINEZ.  C/O

THIBODEAU REPLACED ALL FOUR SOFT RESTRAINTS WITH HARD RESTRAINTS. NURSE

JUBREY AGAIN ENTERED THE CELL AND CHECKED THE RESTRAINTS.

__Individual
XX Summary

# Incident Report - Page __4__

## Connecticut Department of Correction

*Exhibit A.6*

CN6601
3-8-96

| Unit    Walker RSMU | Incident Location  SEG. #7 | Report No. 99-430 |
|---|---|---|
| Prepared by Michael Madden | Title : Lieutenant | Report Date : 10-28-99 |

| Incident class ___ 1 ___ 1a ___ 2 _X_ 3 | Type C | Time   3:10       __a.m.   _X_ p.m. |
|---|---|---|

NURSE JUBREY REPORKTED A SMALL CUT ON THE NOSE OF MARTINEZ.( SEE PHOTO)

I/M WAS PLACED ON 15 MINUTE WATCH. TWO DR'S WERE ISSUED TO MARTINEZ FOR

INTERFERING WITH SAFETY OR SECURITY AND DESTRUCTION OF STATE PROPERTY.

AT 7:00 P.M. CAPTAIN CUSIMANO ALONG WITH LT. SCOTT, C/O BARNES,J., AND DEROTA,F.

ENTERED MARTINEZ'S CELL AND REMOVED THE RESTRAINTS WITHOUT ANY FURTHER

INCIDENT. THE ENTIRE INCIDENT WAS VIDEO TAPED( APPLING OF SOFT AND HARD

RESTRAINTS, NURSE JUBREY CHECKING RESTRAINTS, AND THE REMOVAL OF RESTRAINTS).

TAPE WAS REVIEWED, LABELED, AND PLACED IN VIDEO LOCKER.

## ATTACHMENT A
## USE OF FORCE REPORT

Individual _____X_____   Summary_____

Unit____Walker_____   Report No._99-430_ Report Date_____

Prepared by_Madder, Michael____   Title____LT_____

Inmate Name_Martinez_____   Inmate Number_234198_:_

Date, time and location of Incident_10/28/99 - 3⁰⁰pm  RHU_

Circumstances leading to use of force_I/m Martinez #234198_

_____

_____

_____

_____

_____

_____

Type and extent of force used (to include any armory items used)_____

This writer was the supervisor in charge of the
Extraction. Gave all Direct orders to Inmate Martinez.
Inmate complied to all orders. Inmate was placed in
soft Gun Point restraints and then hard restraints were
applied.

_____

Complete (only when appropriate) by staff member if assaulted by inmate:
Do you feel that the inmate should be considered for criminal prosecution?

YES _____   NO __X__

_____   LT.   _10/28/99_
Staff Signature              Title          Date

_____   Capt.   _10/28/99_
Investigating Supervisor Signature   Title   Date

*Exhibit A.8*

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARDO MARTINEZ | : | **PRISONER** |
| | : | NO. 3:00CV1140(DJS)(TPS) |
| VS. | : | |
| | : | |
| CAPTAIN KIM WEIR, ET AL. | : | MARCH 7, 2005 |

## DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFF'S PRO-SE MOTION IN SUPPORT OF MOTION TO APPOINT COUNSEL OR ALTERNATIVE TO SUCH

By pleading dated February 21, 2005 entitled "Pro-Se Motion In Support of Motion to Appoint Counsel or Alternative to Such" plaintiff, pro-se inmate asks that the court appoint an attorney for him, <u>inter alia</u>, so that he can obtain videotapes in discovery in this case wherein he complains that correctional officers used excessive force on him on October 28, 1999. In discovery, defendants have identified videotapes of the events, but have objected to delivering them to plaintiff as the objects are contraband in prison and could be used as weapons. Alternatively, plaintiff asks for a variety of officials be present during a showing, or to document the contents.

Defendants have no objection to the appointment of counsel. They do object to the official documentation or viewing orders proposed by plaintiff as overly broad, vague, burdensome and completely unjustified and without authority, particularly at this stage of proceedings. However, defendants would be willing to arrange for officers at his facility to play the tapes at a viewing for plaintiff, at a time convenient for the prison.

*1:30 pm.*

*Natalie*

*Exhibit 1.8*

DEFENDANTS,
Captain Kim Weir, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: _____

   Robert F. Vacchelli
   Assistant Attorney General
   Federal Bar #ct05222
   110 Sherman Street
   Hartford, CT  06105
   Telephone No.: (860) 808-5450
   Fax No.: (860) 808-5591
   E-Mail:  robert.vacchelli@po.state.ct.us

## CERTIFICATION

   I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid

to the following on this 7th. day of March, 2005 to:

Eduardo Martinez, Inmate No. 234198
Northern Correctional Institution
287 Bilton Road
Somers, CT  06071


_____

   Robert F. Vacchelli
   Assistant Attorney General

TAPE # WB # 99 094

Exhibit A.9

99-430
CN 6901
12/93

## ATTACHMENT A
## CONNECTICUT DEPARTMENT OF CORRECTION

### CONTRABAND/CRIMINAL PHYSICAL EVIDENCE TAG AND CHAIN OF CUSTODY

Facility/Unit __Walker RSMU__

Classification of Contraband/Criminal Physical Evidence:
(Check one)

\_\_ Weapon
\_\_ Drug/Drug Paraphernalia
\_\_ Alcohol (commercial or home made)
\_\_ Appliance (e.g., television, radio, stereo, recorder, etc.)
\_\_ Currency (money or other commodity of exchange)
\_\_ Clothing
\_\_ Miscellaneous Property
_✓_ Other

Brief description of item or substance and any identifying
mark(s) __Video taping of I/M Martinez # 234198 being__
__removed from 4 pt restraints.__

Location Found/Confiscated __Lt. Office__

By: Staff Name __C/O Deroda__   Date/Time __7:00pm 10-28-99__

From: Inmate Name _____   Inmate Number _____

Chain of custody - contraband/criminal physical evidence
(signature required)

| STAFF FROM | STAFF TO | DATE/TIME | REASON | DISPOSITION |
|---|---|---|---|---|
| C/O BARNES | Lt. SCOTT | 10/28/99 5:45pm | | |
| LT SCOTT | C/O Deroda | 10/28/99 7:00pm | | |
| C/O Deroda | Lt. SCOTT | 10/28/99 7:30pm | | |
| LT SCOTT | capt. office evidence safe. | 10/28/99 9:00pm | | |

(continue on back if necessary)

WR 49093

Exhibit A.10

CN 6901
12/93

**ATTACHMENT A**
**CONNECTICUT DEPARTMENT OF CORRECTION**

CONTRABAND/CRIMINAL PHYSICAL EVIDENCE TAG AND CHAIN OF CUSTODY

Facility/Unit _Walker RSMU_

Classification of Contraband/Criminal Physical Evidence:
(Check one)

___ Weapon
___ Drug/Drug Paraphernalia
___ Alcohol (commercial or home made)
___ Appliance (e.g., television, radio, stereo, recorder, etc.)
___ Currency (money or other commodity of exchange)
___ Clothing
___ Miscellaneous Property
_✓_ Other

Brief description of item or substance and any identifying
mark(s)_ Video Tapeng of I/m Martinez # 234198
being Placed into 4 pt restrants

Location Found/Confiscated _LT. OFFice_

By: Staff Name _C/O Brunton_          Date/Time _10-28-99 4:00pm_

From: Inmate Name _____    Inmate Number _____

Chain of custody - contraband/criminal physical evidence
(signature required)

| STAFF FROM | STAFF TO | DATE/TIME | REASON | DISPOSITION |
|---|---|---|---|---|
| C/O Brunton | LT. Scott | 10-28-99 4:00pm | | |
| LT Scott | Capt office evidence safe | 10-28-99 9:00pm | | |
| | | | | |
| | | | | |
| | | | | |

(continue on back if necessary)

Exhibit A-14

Unf 6501
10/29/92

**ATTACHMENT A**
**USE OF FORCE REPORT**

Individual_____✓_____                    Summary_____

Unit _KKSMU_ - _SAC_____ Report No. _99-430_ Report Date _10-28-99_

Prepared by_F. DAKOTA_____                 Title_____

Inmate Name_MARTINEZ_____                  Inmate Number _234199_

Date, time and location of Incident _4-28-99_ _3pm_ _SEG #7_ _3rd SAC #_

Circumstances leading to use of force _(CAUSING A DISRUPTION) AND_

_REFUSING ALL DIRECT ORDERS._

_____

_____

_____

_____

_____

Type and extent of force used (to include any armory items used) _I WAS_

_THE 1ST MAN INTO THE CELL OVER THE SHIELD - I USED THE_

_SHIELD TO SECURE THE I/M AGAINST THE WALL. THE SECOND_

_TIME I RESTRAINED THE I/M. I SECURED THE I/M_

_UPPER BODY SO THE RESTRAINTS COULD BE COMPLETED._

_____

_____

Complete (only when appropriate) by staff member if assaulted by inmate:
Do you feel that the inmate should be considered for criminal prosecution?

YES _____  NO __✓____

_F. DAKOTA_                      _____        _10-28-99_  (vB)
Staff Signature                  Title              Date

_Wilbur Scott_                   _Sgt_              _10-28-99_
Investigating Supervisor Signature   Title          Date

CN 6501
10/29/92

ATTACHMENT A
USE OF FORCE REPORT

*Exhibit A.12*

Individual_____     Summary_____

Unit_____WRSMU_____ Report No._99-430_ Report Date____10/28/99____

Prepared by____Thibodeau, Michael__ Title_____C/O_____

Inmate Name____Martinez_____ Inmate Number____234198____

Date, time and location of Incident__10/28/99, 3:10 PM  Seg Cell 07__

Circumstances leading to use of force___The above I/m was
Causing a disruption in the segregation unit
and not complying with any orders given.___

_____

_____

_____

_____

Type and extent of force used (to include any armory items used)_At 3:10 PM This
officer was the #3 man on a cell extraction team. Per direction
of Lt. Madden the I/m was placed against the cell
wall. This officer controlled the I/m's right arm. This officer
Then escorted I/m martinez to his bunk where he was
Then placed in soft restraints. At 3:35 PM This officer
re-entered seg cell 07 and replaced all The soft restraints
with hand restraints Per direction of Lt. Madden with no further incident

Complete (only when appropriate) by staff member if assaulted by inmate:
Do you feel that the inmate should be considered for criminal prosecution?

YES _____   NO __✗__

___Thibodeau Michael____     ___C/O___     ___10/28/99___
Staff Signature              Title          Date

___Wilson Scott___     ___Sgt___     ___10/28/99___
Investigating Supervisor Signature   Title          Date

CN 6501
10/29/92

**ATTACHMENT A**
**USE OF FORCE REPORT**

Exhibit A.13

Individual _____ / _____    Summary _____

Unit _WRSMU_____    Report No. _99-430_    Report Date _10/28/99_

Prepared by _EDWARD CORL_    Title _C/O_

Inmate Name _MARTINEZ, EDUARDO_    Inmate Number _234198_

Date, time and location of Incident _10/28/99; 3:10pm; SEG-07 CELL_

Circumstances leading to use of force _I/M MARTINEZ #234198_
_WAS CAUSING A DISRUPTION IN SEGREGATION. THE_
_I/M REFUSED TO COMPLY WITH ANY ORDERS GIVEN._

_____

_____

_____

_____

Type and extent of force used (to include any armory items used) _THIS_
_OFFICER WAS THE NUMBER TWO-MAN. PER THE DIRECTION_
_OF LT. MADDEN THE INMATE WAS PLACED AGAINST THE_
_CELL WALL. THIS OFFICER SECURED THE I/M'S LEFT ARM._
_THE I/M WAS ESCORTED TO THE BED AND PLACED IN_
_SOFT RESTRAINTS. AT 3:35 PM THE TEAM RE-ENTED THE_
_CELL. THIS OFFICER WITNESSED AS THE NUMBER-THREE MAN_
_PLACED ALL HARD RESTRAINTS ON THE I/M, AND REMOVED THE SOFT RESTRAINT._

Complete (only when appropriate) by staff member if assaulted by inmate:
Do you feel that the inmate should be considered for criminal prosecution?

YES _____    NO _____

Staff Signature _____    Title _C/O_    Date _10/28/99_

Investigating Supervisor Signature _____    Title _____    Date _10/28/99_

Exhibit A.14

# DEPARTMENT OF CORRECTION
## WORK REQUEST FORM

**FACILITY:** Walker RSMU     **BUILDING:** LTS Office

**LOCATION:** ~~Segregation~~ (VS) LTS Office     **ROOM#:** Second Armory

**REQUESTED BY:** William Scott     **PHONE:** 3511    **DATE:** 10/27/99

**SUPERVISOR'S APPROVAL:** LT. Scott (VS)     **PHONE:** 3511    **DATE:** 10/27/99

### DESCRIPTION OF REQUEST
BE SPECIFIC - PRINT OR TYPE

Hankuff #21969 on hard restraint
was cut with bolt cutter in order to
remove it from I/m martinez #234198 in
seg cen #7. Item needs to be replaced.

**INCIDENT REPORT FILED?**    YES __✓__    NO ____

### FOR MAINTENANCE USE ONLY

**JOB NUMBER:**   REG:_____   YEAR:____   MO:____   NO:____    **PRIORITY: 1 2 3 4**

**TYPE:**   P.M.:____   REPAIR/DAMAGE:_____   SCHED.MAINT.:____   PROJECT:_____

**ASSIGNED BY:**_____ **ASSIGNED TO:**_____ **DATE:**_____

### DESCRIPTION OF WORK PERFORMED / JOB PLAN
PRINT OR TYPE - INCLUDE MATERIALS AND TECHNICIAN

| TECHNICIAN | HOURS # | COST | MATERIAL | QUANTITY # | UNIT | COST | EQUIPMENT |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |
| **TOTALS:** | $ |  |  |  | $ |  |  |

### COMPLETED SECTION

**COMPLETED BY:** _____   **DATE:** _____

**SUPERVISOR:** _____   **DATE:** _____

**REQUESTOR'S INITIALS:** _____   **DATE:** _____

WHITE, CANARY-MAINTENANCE/PINK CONFIRMATION/GOLDENROD-ORIGINATOR

Exhibit A. 15

CN 6501
10/29/92

**ATTACHMENT A**
**USE OF FORCE REPORT**

Individual_____    Summary_____

Unit _W.R.S.M.U._____    Report No. _9-432_    Report Date _10-28-99_

Prepared by _F. DeRota_____    Title ___c/o___

Inmate Name _MARTINEZ_____    Inmate Number _#234198_

Date, time and location of Incident _10-28-99   6:50 pm    S.R.G._

Circumstances leading to use of force _I/M MARTINEZ WHOM IS FOUR-_
_POINTED, IS HAVING HIS RESTRAINTS REMOVED..._

_____

_____

_____

_____

Type and extent of force used (to include any armory items used) _I c/o_
_DeRota VIDEO TAPED CAPT. CUSIMANS AND LT. SCOTT REMOVING_
_I/M MARTINEZ RESTRAINTS..._

_____

_____

_____

Complete (only when appropriate) by staff member if assaulted by inmate:
Do you feel that the inmate should be considered for criminal prosecution?

YES _____    NO _____

F. DeRota                            c/o                  10-28-99
**Staff Signature**                  **Title**            **Date**

William Scott            SRT            10-28-99
**Investigating Supervisor Signature**    **Title**    **Date**

CN 6501
10/29/92

**ATTACHMENT A**
**USE OF FORCE REPORT**

*Exhibit A-16*

Individual _____ Summary _____

Unit _WRSMU_____ Report No. _99-430_ Report Date _10-28-99_

Prepared by _J Barnes_____ Title _c/o_

Inmate Name _Martinez_____ Inmate Number _234198_

Date, time and location of Incident _10-28-99 5pm RHU_

Circumstances leading to use of force _I/m to be reviewed by Capt Cusimano_
_Four Point Restraint status. I/m Also Fed at this time._
_This officer was the Camera Person._

_____

_____

_____

_____

Type and extent of force used (to include any armory items used) _Witnessed_
_Capt Cusimano Cut and Remove Handcuff of right arm and reapply_
_new Handcuffs._

_____

_____

_____

_____

Complete (only when appropriate) by staff member if assaulted by inmate:
Do you feel that the inmate should be considered for criminal prosecution?

YES _____   NO _X_

_J Barnes_____      _c/o_____      _10-28-99_____
Staff Signature                Title                  Date

_Willow Scott_____  _Sgt_____       _10-28-99_____
Investigating Supervisor Signature   Title             Date

CM6501
10/29/92

**ATTACHMENT A**
**USE OF FORCE REPORT**

*Exhibit A. M*

Individual_____✓_____

Summary_____

Unit___Walker RSMU___ Report No.__99-U3D__ Report Date_10-28-99_

Prepared by_William Scott_____ Title_____

Inmate Name_Martinez, Eduardo___ Inmate Number_234198_÷

Date, time and location of Incident_____

Circumstances leading to use of force_Inmate Martinez in
4 point restraints. One restraint would
need to be released from an arm so the
inmate could eat his supper.

_____

_____

_____

Type and extent of force used (to include any armory items used)_This supervisor
witnessed Captain Cusinano attempt to remove the restraint
from I/m Martinez' right wrist. Because he was unable to get the
handcuff to release with the key due to damaged handcuff, bolt
cutters had to be used to cut and remove this cuff. As captain
Cusinano cut through this restraint, this supervisor secured
I/m Martinez' right wrist and arm as a precautionary measure.
(WS)

Complete (only when appropriate) by staff member if assaulted by inmate:
Do you feel that the inmate should be considered for criminal prosecution?

YES _____ NO __✓__

_William Scott_____ _Lieutenant_____ _10/28/99_
Staff Signature                    Title                    Date

_Cusinano Jr_____ _Captain_____ _10/28/99_
Investigating Supervisor Signature    Title                    Date

**ATTACHMENT A**
**USE OF FORCE REPORT**

*Exhibit A.18*

Individual _____    Summary _____

Unit _URSMU SEGREGATION_ Report No. _99-430_ Report Date _10/28/99_

Prepared by _CUSIMANO, JOHN_ Title _CAPTAIN_

Inmate Name _MARTINEZ_    Inmate Number _# 234198_

Date, time and location of Incident _10/28/99_ _5:20_ _SEG-7 CELL_

Circumstances leading to use of force _INMATE MARTINEZ IN 4-POINT_
_RESTRAINTS. ONE RESTRAINT WOULD NEED TO BE RELEASED FROM_
_HIS ARM SO INMATE COULD EAT SUPPER._

Type and extent of force used (to include any armory items used)_____
_INITIALLY ATTEMPTED TO REMOVE THE RESTRAINT FROM INMATE_
_MARTINEZ'S RIGHT WRIST. I WAS UNABLE TO GET THE HANDCUFF_
_TO RELEASE WITH THE KEY DUE TO DAMAGE. I NEEDED TO USE_
_BOLT CUTTERS TO CUT THRU RESTRAINT TO FREE INMATE'S WRIST._
_AFTER INMATE ALLOWED TO EAT TRAY I RE-APPLIED A DIFFERENT_
_RESTRAINT TO INMATES RIGHT WRIST._

Complete (only when appropriate) by staff member if assaulted by inmate:
Do you feel that the inmate should be considered for criminal prosecution?

YES _____   NO _____

Staff Signature _____ Title _____ Date _10/28/99_

Investigating Supervisor Signature _____ Title _____ Date _10/28/99_