UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|   |   |   |
|---|---|---|
| EDUARDO MARTINEZ | : | PRISONER<br>CIVIL NO. 3: 00 CV 1140 (DJS)(TPS) |
| v. | : | |
| CAPTAIN KIM WEIR, ET AL. | : | MARCH 24, 2005 |

### DEFENDANTS' MEMORANDUM IN RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

By pleading dated March 14, 2005, and titled, "Motion to Strike Defendants' Affirmative Defenses," plaintiff pro se inmate asks the court to strike defendants' Affirmative Defenses. We urge the court to deny the request.

Pursuant to Rule 12(f), F.R.Civ.P., a court may strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Motions to strike, however, "are not favored and will not be granted unless it is clear that the allegations in question can have no possible hearing on the subject matter of the litigation." Schramm v. Krischell, 84 F.R.D. 294, 299 (D.Conn. 1979); see also William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2nd Cir. 1984), vacated on other grounds, 478 U.S. 1015 (1986) ("A motion to strike an affirmative defense under Rule 12(f), F.R.Civ. P. for legal insufficiency is not favored."); Estee Lauder, Inc. v. Fragrance Counter, Inc., 189 F.R.D. 269, 271 (S.D.N.Y. 1999) (same).

A motion to strike an affirmative defense "will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" Salcer, 744 F.2d at 939 quoting Durham Indus. v. North River Ins. Co.,

482 F.Supp. 910, 913 (S.D.N.Y. 1979); see also Estee Lauder, 189 F.R.D. at 271; Morse/Diesel Inc. v. Fidelity & Deposit Co., 763 F.Supp. 28, 34 (S.D.N.Y. 1991).  To that end, the defendants' pleadings must be construed liberally.  Estee Lauder, 189 F.R.D. at 271, citing Bennett v. Spoor Behrins Campbell & Young, Inc., 124 F.R.D. 562, 564 (S.D.N.Y. 1989); Oliner v. McBride's Indus., Inc., 106 F.R.D. 14, 17 (S.D.N.Y. 1985).  Moreover, a motion to strike for insufficiency is not "intended to furnish an opportunity for the determination of disputed and substantial questions of law[,] … particularly [when] there has been no significant discovery."  Estee Lauder, 189 F.R.D. at 271, quoting Salcer, 744 F.2d at 939 (citations and internal quotation marks omitted); see also Mohegan Tribe v. State of Connecticut, 528 F.Supp. 1359, 1362 (D.Conn. 1982) (an affirmative defense will not be stricken if the sufficiency of the defense depends upon disputed issues of fact or if there is a disputed or unclear question of law).  See Etienne v. Wal-Mart Stores, Inc., 197 F.R.D. 217 (D.Conn. 2000).

In the instant case, the facts are most definitely in dispute.  See Answer.  Also, each of the defendants' Affirmative Defenses spell out defenses recognized in the law: First Affirmative Defense, Miree v. DeKalb County, 433 U.S. 25, 27 n. 2, 97 S. Ct. 2490, 53 L.Ed.2d 557 (1977); Second Affirmative Defense, Kentucky v. Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); Third Affirmative Defense, Harlow v. Fitzgerald, 457 U.S. 800, 868, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Fourth Affirmative Defense, Conn. Gen. Stat. § 4-165; Fifth Affirmative Defense, Martin v. Brady, 261 Conn. 372 (2002); Sixth Affirmative Defense, United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Seventh Affirmative Defense, Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 982, 152 L.Ed.2d 12 (2002); Eight Affirmative Defense, McKinnon v. Patterson, 568 F.2d 930, 934 (2nd Cir. 1977) cert.

denied 434 U.S. 1087 (1978).  Their applicability depends on the facts which are still in dispute and, under those circumstances, the defenses should stand.  See Fernandez v. Armstrong, No. 3:02CV2252 (CFD)(WIG) (Ruling on Pending Motions, March 17, 2004), Attachment A. Moreover, since plaintiff withdraws all state law claims, but also claims the right to restate them later, defendants are compelled to retain their affirmative defenses to any state law claims.

    Accordingly, we urge the court to deny plaintiff's Motion.

DEFENDANTS
Captain Kim Weir, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:  _____/s/_____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05222
E-Mail:  robert.vacchelli@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 24th day of March, 2005:

Eduardo Martinez #234198
Northern Correctional Institution
287 Bilton Road
Somers, CT 06071

                                        _____/s/_____
                                        Robert F. Vacchelli
                                        Assistant Attorney General