# ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS BROWDY,<br>    Plaintiff, | :<br>:<br>:     PRISONER |
| v. | :     Case No. 3:00CV1866 (CFD)(WIG)<br>: |
| BRIAN S. KARPE, et al.,<br>    Defendants. | :<br>: |

## RULING ON PENDING MOTIONS

Pending before the court are plaintiff's motions to amend and for sanctions. For the reasons set forth below, the plaintiff's motions are denied.

The plaintiff has filed two identical motions for leave to file a second amended complaint. Rule 15(a), Fed. R. Civ. P., provides that permission to amend a complaint "shall be freely given when justice so requires." Underlying this rule, however, is an assumption that the amended complaint will clarify or amplify the original cause of action rather than incorporate additional causes of action. See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995). In determining whether to grant leave to amend, the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment. See Forman v. Davis, 371 U.S. 178, 182 (1962); Barrows v. Forest Laboratories, Inc., 742 F.2d 54, 58 (2d Cir. 1984) (undue delay, bad faith and prejudice to opposing party are "touchstones" of court's discretion to deny leave to amend).

The plaintiff's proposed second amended complaints add no new facts to the case. The plaintiff attaches exhibits to the proposed second amended complaint attached to the second motion for leave to amend, but the court cannot discern why the plaintiff could not submit these exhibits in support of a motion for summary judgment or at trial. Accordingly, the plaintiff's

motions for leave to amend are denied.

The plaintiff has moved for sanctions against the defendants because the plaintiff claims counsel included inaccurate allegations in a reply to plaintiff's response to the defendants' cross-motion for summary judgment. In the reply brief [doc. # 73] counsel argued that his cross-motion for summary judgment was timely filed. In view of the procedural history of this case, the court's ruling denying the defendants' motion to dismiss the first amended complaint without prejudice to renewal and the plaintiff's filing of a motion for summary judgment out of time, the court concludes that the defendants' cross-motion for summary judgment was timely filed. The plaintiff's motion for sanctions is denied.

## Conclusion

The Motions for Leave to Amend [docs. ## 57, 63] and Motion for Sanctions [doc. # 76] are DENIED.  SO ORDERED.

Dated at Bridgeport, Connecticut, this 17th day of March, 2004.

/S/ William I. Garfinkel
William I. Garfinkel
United States Magistrate Judge