UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| EDUARDO MARTINEZ | : | PRISONER<br>CIVIL NO. 3:00CV1140 (DJS)(TPS) |
| V. | : | |
| CAPT. KIM WEIR, ET AL. | : | MAY 9, 2005 |

### MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

By Motion to Compel dated March 31, 2005, the plaintiff, pro se inmate, asks the court to order the defendants to produce more records in response to his Requests for Production No. 9 and 10, notwithstanding defendants' earlier filed responses and objections. Plaintiff has filed 96 Interrogatories and Requests for Production and 88 Requests for Admissions in this case, which defendants have answered or objected to as appropriate. The objections raised with respect to the discovery requests that are the subject of the instant motion are attached in Attachment A. The objections are valid and appropriate. Both are discussed seriatim:

**Request for Production No. 9**

This request asks for "Log book entries dates times as to what time Defendants left the work place on October 28, 1999, at W.R.& S.M.U." The question asks for log book entries showing the time each defendant left the MacDougall-Walker Correctional Institution on October 28, 1999, the date of the incident in question. Assuming such entries exist, plaintiff claims this information is important because it would show that Captain Weir, one of the defendants, did not review certain records and tapes. Plaintiff's Motion, p. 2-3. The defendants objected on the grounds that the discovery request is overly broad, vague, burdensome, and not

calculated to lead to the discovery of admissible evidence.  See Attachement A.  That objection should be sustained because:

    1.    To the extent it asks for records concerning defendants other than Captain Weir, it is immaterial to the conduct of the defendant Captain Weir.

    2.    To the extent it does ask for records concerning Captain Weir, the probative value of the records is invisible. Captain Weir did not specify, in the document, what she reviewed. See Review, Attachment B.  Consequently, the time Captain Weir left the facility is immaterial.

**Request for Production No. 10**

This request asks for "Inter-Office Memos phone call records, E-mails made by Major Lynn Millings or (Interstate Compact Office) to Grievance Co-Ordinator regarding Grievance – filed in paragraph #1, and vice versa."  Defendants did produce their records concerning any grievances filed by plaintiff concerning the events in this litigation.  See Records, Attachment C. They objected to any further hunt for tangential documentation as overly vague, broad, burdensome and not calculated to lead to the discovery of admissible evidence.  See Attachment A.  That objection should be sustained.  Defendants have produced the results of their search. Nothing more is material on this issue.

    For all of the foregoing reasons, we urge the court to deny plaintiff's Motion.

                                              DEFENDANTS
                                              Capt. Kim Weir, et al.

                                              RICHARD BLUMENTHAL
                                              ATTORNEY GENERAL

BY: _____/s/_____
       Robert F. Vacchelli
       Assistant Attorney General
       110 Sherman Street
       Hartford, CT  06105
       Tel.:  (860) 808-5450
       Fax:  (860) 808-5591
       E-Mail:  robert.vacchelli@po.state.ct.us
       Federal Bar #ct05222

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 9th day of May, 2005:

Eduardo Martinez, No. 234198
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT   06071

                                        _____/s/_____
                                          Robert F. Vacchelli
                                          Assistant Attorney General