# ATTACHMENT A

Eduardo Martinez, Pro-Se.

v.

Capt. Wier Et. Al.

Docket No.: 3:00.1140 (DJS)(HBS)

Date: December 17, 2004

**DEFENDANTS' ANSWERS AND OBJECTIONS TO**
**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34, Fed. R. Civ. P., the Plaintiff requests that the Defendants produce the documents/items listed below by providing the Plaintiff with copies of requested items in their full content within 30 days of this request.

1st Level 1 Department of Correction Grievance filed by the Plaintiff on or about October 29, 1999 at Walker Receptional & S.M.U. about excessive use of force by an extraction team & use of 4 point restraints.

See Attachment A.

2nd Level 2 D.O.C. Grievance Appeal filed on or about January, 2000 by the Plaintiff sent to Interstate Compact Supervisor "Major Lynn Millings" appealing lack of level 1 response.

See Attachment A.

3rd Level 3 D.O.C. Grievance Appeal filed on or about February - March, 2000 by the Plaintiff sent to Offender of Classification & Population Management "Director Fred Levesque" appealing the level 2 response that Plaintiff withdrew grievance.

See Attachment A.

4th Letter from Complex Warden James Huckabey to Plaintiff April - May, 2000 stating there is no record of grievance being filed at all.

See Attachment A.

5th Grievance Procedures for Connecticut Prisoners housed out of state as of October, 1999 up until August, 2001.   See Attachment A.

6# Plaintiff's Disciplinary history from October 28, 1999 up until November 9, 1999 not to exclude advocate statements, disciplinary summary forms, sanctions, & outcomes.
See Attachment A.

7# Investigation reports, outcome of such investigation, made by Grievance Co-Ordinator at Walker Receptional & S.M.U. in regards to paragraph 1# of this request.
See Attachment A.

8# Log book entries, dates, times, as to simulated code Red at Walker Receptional & S.M.U. on October 28, 1999 (Shift Commanders Office Log Book)
See Attachment A.

9# Log book entries dates times as to what time Defendants left the work place on October 28, 1999 at W.R. & S.M.U.
See Attachment A.

10# Inter-Office Memos, Phone call records, E-mails made by Major Lynn Millings (Interstate Compact Office) to Grievance Co-Ordinator regarding Grievance filed in paragraph #1, and vice versa.
See Attachment A.

11# Use of force Reports, Investigation Reports, Incident Reports, Photos of Plaintiff regarding Incident Report: # 99-430.
See Attachment A.

12# Grievance Administrative Directive effective October 28, 1999
See Attachment A.

13# Use of Force Directive effective October 28, 1999.
See Attachment A.

14# Defendants Disciplinary histories not to exclude investigation reports, findings etc. as being D.o.c. employee's
See Attachment A.

15# Defendants criminal history if any.

See Attachment A.

16# Plaintiff's Mental Health file from October 27, 1999 up until October 29, 1999 i.e. evaluations custody orders etc.

See Attachment A.

Respectfully Submitted:
x *Eduardo Martinez*
Eduardo Martinez Pro-Se
#234198
P.O. Box 665 Northern C.I.
Somers, CT. 06071.

ATTACHMENT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| EDUARDO MARTINEZ | : | PRISONER<br>CIVIL NO. 3:00CV1140 (DJS)(TPS) |
| V. | : |  |
| CAPT. KIM WEIR, ET AL. | : | FEBRUARY 2, 2005 |

**DEFENDANTS' ANSWERS AND OBJECTIONS TO
PLAINTIFF'S REQUEST FOR PRODUCTION
DATED DECEMBER 17, 2004**

1. None located, but grievance reported as withdrawn.

2. Copy attached in Attachment A.

3. Copy attached in Attachment B.

4. No records located.

5. See Inmate Handbook, Attachment C.

6. Objection. Overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, see records supplied in Attachment D.

7. See Attachments A and B.

8. Objection. Overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence.

9. Objection. Overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence.

10. Objection. Overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence. Without waiving the objection, see records supplied in Attachments A and B.

11. See Attachment E.

12. See Attachment F.

13. See Attachment G.

14. Objection. Overly broad, vague, burdensome and not calculated to lead to the discovery of admissible evidence. Invasion of privacy. Jeopardizes security of facility, inmates and staff.

15. Objection. See objection to Request for Production No. 14.

16. Records Release received. Records will be forwarded upon receipt.

DEFENDANTS
Capt. Kim Weir, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: *[signature]*
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel.: (860) 808-5450
Fax: (860) 808-5591
E-Mail: robert.vacchelli@po.state.ct.us
Federal Bar #ct05222

2

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 2nd day of February, 2005:

Eduardo Martinez, No. 234198
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT  06071

Robert F. Vacchelli
Assistant Attorney General

# ATTACHMENT B

# INCIDENT REPORT—Page 1
## Connecticut Department of Correction

☑ Individual
☐ Summary

99-430
CN66
3-8-

| Facility/CSO | WRSMU | Incident Location | Segregation | Report no. | 99-431 |
| Prepared by | T Roberts | Title | C/O | Report date | 10-28-9 |

Incident class ☐ 1 ☐ 1a ☐ 2 ☑ 3   Type C   Time 10:05   ☒ a.m. ☐ p.

| Inmate name (last and first) | Hsg unit | Race | ID no. | Status | Staff name (last and first) | Race | Title | Stat |
|---|---|---|---|---|---|---|---|---|
| Martinez, Edwardo | S-07 | H | 234198 | | Roberts, Thomas | W | C/O | |
| | | | | | Derota, Fred | W | C/O | EW |
| | | | | | Loos, Scott | W | C/O | EW |
| | | | | | Fullard, William | B | C/O | EW |
| | | | | | Maddox, Mike | W | LT | EW |
| | | | | | Cosl, Ed | W | C/O | EW |
| | | | | | Braitico, Robert | W | C/O | EW |
| | | | | | Brunton, Mark | W | C/O | EW |
| | | | | | Thibideau, Mike | W | C/O | EW |
| | | | | | Cusimano, John | W | Capt. | EW |
| | | | | | Scott, William | W | LT | EW |
| | | | | | Jubay, Sharon | B | Nurse | EW |

Status code: V = victim, S = suspect, E = escape, R = first employee responder, W = inmate witness, EW = employee witness
Race code: W = white, B = black, H = hispanic, N = native american, O = other

Narrative: At Approx. 10:05/am Inmate Martinez, who is on full restraint status, was escorted to the dayroom for recreation. While in the dayroom he started spitting on the control center windows and banging and scraping the dayroom doors with the hand cuffs. Then he proceeded to the Buletin board and pulled all the notices off the Board and ripped them up. He also tried to rip the reciever off the phone by placing it between his knees and pulling down. He was then secured in his cell without further incident.
Later in the Afternoon at approx. 1:45pm Martinez, was flushing his toilet continuously (at least 15-20 times). When I went to his cell to investigate, he covered his window and would not allow me to look in. Numerous orders to allow me to look in the cell were ignored. At that point I could not determine if he was flooding his cell so I shut the housing unit water off and notified the Lts office. Martinez then began kicking his cell door and continued to do so periodically until the extraction team entered the unit.

Reporting employee Signature: Thomas Roberts
Title: C/O
Date: 10-28-99

## FOLLOW UP

Property damage: N/A   Value $

Contraband Recovered:

Physical force: Yes   Chemical agents: N/A   Restraints: Yes

Assigned to:
☐ Protective custody
☐ Administrative detention
☒ 15 – minute watch 3-7pm
☐ Isolation
☐ Outside hospital
☐ Other:
☐ Medical

# INCIDENT REPORT — Page 2
## Connecticut Department of Correction

CN 6601
3-8-96

### CONTACTS

| | | | |
|---|---|---|---|
| Unit administrator | Warden Donahue | Date 10/28/99 | Time 3:00 ☐ a.m. ☒ p.m |
| Duty Officer Major Torres | | | |
| Central office | N/A | Date | Time ☐ a.m. ☐ p.m |
| Outside agency | N/A | Date | Time ☐ a.m. ☐ p.m |
| Police | N/A | Date | Time ☐ a.m. ☐ p.m |
| Fire | N/A | Date | Time ☐ a.m. ☐ p.m |

### OTHER ATTACHED REPORTS

| | |
|---|---|
| Use of force  14 | Medical incident  3 |
| Disciplinary  2 | Other (specify) Contraband 2, 15-mm watch, Pictures, Use of force, Work order |

### CRIMINAL PROSECUTION

If a staff member was assaulted during the incident, is criminal prosecution requested  ☐ Yes  ☒ No

CT State Police Investigation no.  N/A

Shift supervisor review on Summary Page 3.  LT. Madden

Shift Commander review:

Signature: [signed]  Title: Capt  Date 10/28/99

Unit administrator review:

Good Package. Doors Painted.
4-Points Removed shortly thereafter.

Signature: [signed]  Title: WM  Date 11/3/99

Central office review:

Signature:  Title:  Date:

# ATTACHMENT C

# Inmate Grievance Form B, Levels 2 and 3
## Connecticut Department of Correction

CN 9x
1-14

INTERSTATE COMPACT OFFICE
MAR 2 H __ __ __
INTERSTATE COMPACT
JAN 28 1:00 AM '00

**Inmate name** ED MARTINEZ
**Inmate no.** VA-275858

**Housing location** OUT OF STATE - VIRGINIA WALKER RIDGE STATE PRISON
**Date** 1-18-00

[✓] Line grievance   [ ] Line emergency   [ ] Health service grievance   [ ] Health emergency

**IGP no.** 2VA-00-4   **T no.**

Use this form to appeal a Level-1 decision. Grievance Form A (for Level 1) and any attachments must accompany this form; no review will be undertaken if they do not accompany this form. Your appeal must be filed within 5 days of the Level-1 response; deposit it in the box for inmate grievances.

**Appeal. I am appealing the Level-1 decision because:** It WAS NEVER RESPONDED TO. I FILED IT ON 10/29/99 WHILE HOUSED AT WALKER RECEPTION & S.M.U. FOR %S (EXTRACTION SQUAD) SLAMMING MY FACE AGAINST WALL WHILE HANDCUFFED & NOT RESISTING AT ALL ON 10/28/99 AT W.R. & SMU SM.

**Inmate signature** Eduardo Martinez
**Date** 1/18/00

### FOR OFFICIAL USE ONLY
### LEVEL 2 REVIEW

**Date received** 1/28/00   **Disposition:** Denied   **Date of disposition** 2/8/00

**Reasons:** The grievance coordinator at WRSMU was contacted and he indicated you withdrew a grievance regarding the noted matter when you were advised an investigation would be completed. As such, there would be no grievance response. Please note the incident was investigated by WRSMU staff. The extraction was videotaped and you were seen by medical staff.

**Level-2 reviewer** L. Milling   For Level 1 response as no other grievance is on file.

[ ] This grievance may be appealed within 5 days to Level 3.
[ ] This grievance may not be appealed to Level 3 (see Administrative Directive 9.6, Section 17).

**Appeal. I am appealing the Level-2 decision because:** I NEVER WITHDREW MY GRIEVANCE ON THE ABOVE NOTED ISSUE AS IT IS ALLEGED. BY WHOM MS. MILLING SPOKE TO. SHOW SIGNATURE'S OF SUCH ALLEGATION. A GRIEVANCE CAN ONLY BE WITHDRAWN WITH ONES SIGNATURE. PLEASE PROVIDE DATE & SIGNATURE OF WITHDRAWL. I WANT MY GRIEVANCE RESPONDED TO AS IT SHOULD & SUPPOSED TO BE.

**Inmate signature** Eduardo Martinez #275858   **Date** 2/17/00

Deposit your appeal in the box for inmate grievances.

### FOR OFFICIAL USE ONLY
### LEVEL 3 REVIEW

**Date received**   **Disposition:**   **Date of disposition**

**Reasons:**

**Level-3 reviewer**