UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDUARDO MARTINEZ | : | PRISONER<br>CIVIL NO. 3:00CV1140(DJS) |
| v. | : | |
| CAPTAIN WEIR, ET AL. | : | AUGUST 30 2005 |

### AFFIDAVIT OF MAJOR KIMBERLY WEIR

State of Connecticut   )
                       ) ss: Hartford          August 29, 2005
County of Hartford     )

The undersigned, Major Kimberly Weir, being duly sworn, deposes and says:

1. I am employed by the Connecticut Department of Correction as a Major at the Willard-Cybulski Correctional Institution in Enfield, Connecticut.

2. In October, 1999, I was a Captain, assigned to the MacDougall-Walker Correctional Institution in Suffield, Connecticut.

3. At that time, the plaintiff, Eduardo Martinez, was a sentenced inmate at the MacDougall-Walker Correctional Institution serving a sentence based on convictions of the crimes of Robbery in the First Degree, Assault in the Second Degree with a Firearm, and Contempt of Court. See Mittimuses and Movement Records, Exhibit A.

4. On October 28, 1999, the plaintiff was on full restraint status in segregation due to his recent disruptive, destructive and violent behavior. While in the dayroom of the segregation unit for recreation, at about 10:05 a.m., he was observed spitting on the control center windows and banging and scraping the dayroom doors with his handcuffs, and attempting to rip the receiver off the telephone. Later in the afternoon, he was flushing his toilet continuously in an

attempt to flood his cell. He also covered the window on his cell to prevent staff observation and refused orders to remove the obstruction. See Incident Reports, Exhibit B.

5. In response to these events, my superior made a decision to place the subject in four point restraints in order to prevent him from harming himself, others and from damaging the facility, pursuant to Directive 6.5. See Directive 6.5, Exhibit C.

6. To accomplish this, an extraction team was assembled to enter the cell and restrain plaintiff by his arms and legs to his bed. The team was under the supervision of the defendant Lieutenant, now Captain, Michael Madden. The team included defendant Correctional Officer, now Lieutenant, Edward Corl; defendant Correctional Officer Michael Thibodeau; and defendant Correctional Officer Fred DeRota and others. I was also present during some of the time and observed some of the events, but I have no present recollection of the matter. My knowledge is based on reading the reports and watching the videotapes in this matter.

7. Staff entered the plaintiff's cell at approximately 3:10 p.m. utilizing a shield to contain the plaintiff during entry. Plaintiff did not resist, and he was place on his bed, face down. The procedure was videotaped and copies of the tapes are supplied in Exhibits D and E.

8. At no time during the events of this case did I observe or find evidence of excessive force or injury to the plaintiff caused by staff. The reports and videotapes and discovery responses by the defendants filed in this case are in accord with my observations and record review in this regard. See Reports, Exhibit B; Responses to Interrogatories and Requests for Admissions.

9. After the plaintiff was placed on his bed, soft restraints were applied. No injuries were observed on the plaintiff and he made no complaint of injury. See Reports, Exhibit B; Videotapes, Exhibits D, E.

10. Later in the afternoon, it was observed that plaintiff had removed one of the soft restraints. At about 3:35 p.m., the extraction team which included the same defendants, re-entered the cell. See Reports, Exhibit B; Videotapes, Exhibits D, E.

11. At this time, staff replaced the soft restraints with hard restraints. Staff had some difficulty removing the key from the handcuff on plaintiff's right wrist, but they eventually removed the key and exited the cell. Staff did not suspect that the handcuff was broken. See Aff. of Madden; Aff. of Corl; Videotapes, Exhibits D, E; Responses to Interrogatories and Requests for Admissions, Exhibit G.

12. Also, at this time, staff noticed that plaintiff had a scratch on the bridge of his nose. Plaintiff complained about the scratch and it was noted in the reports and later photographed. See Reports, Exhibit B; Videotapes, Exhibits D, E.

13. I did not observe, and I found no evidence, that this scratch was caused by any actions of staff. See Reports, Exhibit B; Videotapes, Exhibits D, E; Aff. of Madden, Aff. of Corl; see also Responses to Interrogatories and Requests for Admissions, Exhibit G.

14. At about 5:00 p.m. when officers returned to plaintiff's cell to remove his restraints so that he could eat dinner, staff were unable to unlock the right wrist handcuff apparently due to a stripped keyhole. See Reports, Exhibit B; Videotapes, Exhibits D, E.

15. At no time was plaintiff in any danger due to this malfunction. Moreover, in an emergency, the handcuff could have been removed from the other end attached to the bed to detach plaintiff, if necessary.

16. Staff returned to plaintiff's cell at about 5:20 p.m. and cut the handcuff from his wrist using a bolt cutter. Plaintiff was then served dinner. See Videotapes, Exhibits D, E.

17. Plaintiff was removed from four point restraints at about 7:00 p.m. without incident. See Reports, Exhibit B; Log, Exhibit F.

Dated at Hartford, Connecticut this 29th day of August, 2005.

*[signature]*
Major Kimberly Weir

Subscribed and sworn to before me this 29th day of August, 2005.

*[signature]*
Commissioner of the Superior Court

DEFENDANTS
Captain Weir, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: _____
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05222
E-Mail: robert.vacchelli@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

### CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 30th day of August 2005:

Eduardo Martinez #234198
Northern Correctional Institution
287 Bilton Road
Somers, CT 06071

_____
Robert F. Vacchelli
Assistant Attorney General