UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| EDUARDO MARTINEZ | : | PRISONER<br>CIVIL NO. 3:00CV1140(DJS) |
| v. | : |  |
| CAPTAIN WEIR, ET AL. | : | AUGUST 30 2005 |

### AFFIDAVIT OF LIEUTENANT EDWARD CORL

| State of Connecticut | ) | |
|---|---|---|
|  | ) ss: Hartford | August 26, 2005 |
| County of Hartford | ) | |

The undersigned, Lieutenant Edward Corl, being duly sworn, deposes and says:

1. I am employed by the Connecticut Department of Correction as a Lieutenant at the MacDougall-Walker Correctional Institution in Suffield, Connecticut.

2. In October, 1999, I was a Correctional Officer at this facility.

3. On October 28, 1999, I was ordered to be a member of an extraction team assigned to put Inmate Eduardo Martinez in four point restraints due to his recent disruptive, destructive and violent behavior.

4. The extraction team was under the supervision of the defendant Lieutenant Madden. Other members included the defendants DeRota, Thibodeau and others.

5. At approximately 3:10 p.m., we entered plaintiff's cell. Officer DeRota entered first with a shield to contain the plaintiff against the wall so that we could enter safely. Plaintiff did not resist, and we placed him on his bed, face down. The procedure was videotaped and copies of the tapes, which accurately depict the events that I was involved in, are supplied in Exhibits D and E.

6. At no time during the events of this case did I observe any excessive force or injury to the plaintiff caused by staff.

7. After plaintiff was placed on his bed, soft restraints were applied. I observed no injuries on the plaintiff and he made no complaint of injury. See Videotapes, Exhibit D, E.

8. Later in the afternoon, it was observed that plaintiff had removed one of the soft restraints. At about 3:35 p.m., I was again assigned to the extraction team, which included the same defendants and others, and we re-entered the cell.

9. At this time, we replaced the soft restraints with hard restraints. Officer Thibodeau had difficulty removing the key from the handcuff on plaintiff's right wrist. Officer Scott Loos, who is not a named defendant in this case, then tried to remove it and was finally able to extract the key. Neither I not anyone else, to my knowledge, suspected that the handcuff was broken or could not be reopened.

10. At no time was plaintiff in any danger. In an emergency, the handcuff could always be removed from the other end attached to the bed.

2

11. At this time I noticed a scratch on the bridge of plaintiff's nose which was not there before. Plaintiff complained about it and it was observed by medical staff present. I do not know how it was sustained, but it was not caused by staff, to my knowledge.

Dated at Hartford, Connecticut this 26th day of August, 2005.

_____
Lieutenant Edward Corl

Subscribed and sworn to before me this 26th day of August, 2005.

_____
Commissioner of the Superior Court

DEFENDANTS
Captain Weir, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY: /s/ Robert F. Vacchelli
Robert F. Vacchelli
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct05222
E-Mail: robert.vacchelli@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this 30th day of August 2005:

Eduardo Martinez #234198
Northern Correctional Institution
287 Bilton Road
Somers, CT 06071

/s/ Robert F. Vacchelli
Robert F. Vacchelli
Assistant Attorney General

4