UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

EDUARDO MARTINEZ
                                               PRISONER
   v.                             Case No. 3:00CV1140 (DJS)(TPS)

CAPTAIN WIER, et al.

RULING ON PENDING MOTIONS

Pending before the court are the plaintiff's motions for sanctions, to appoint counsel, for extension of time, to compel, to strike and to amend and the defendants' motions for extension of time and motion for modification. The court addresses the defendants' motions for extension of time first.

I.   Motions for Extension of Time [docs. ## 31, 37, 42]

In the first motion, the defendants seek an extension of time until February 28, 2005, to respond to plaintiff's December 29, 2004 discovery requests. In the second motion, the defendants seek an extension of time until April 18, 2005, to respond to plaintiff's February 2005 discovery requests. Both motions are granted nunc pro tunc.

In the third motion, the defendants seek an extension of time until May 27, 2005, to respond to plaintiff's motion to compel. The motion is granted nunc pro tunc.

II.  Motion for Modification [doc. # 48]

The defendants seek to modify the deadline in the court's scheduling order for filing motions for summary judgment. The motion is granted. All motions for summary judgment shall be

filed on or before October 3, 2005.

III. <u>Motion for Sanctions [doc. # 29]</u>

The plaintiff asks the court to sanction counsel for the defendant because counsel has failed to make any attempt to contact him prior to filing motions for extension of time.  In response to the plaintiff's allegations, counsel for the defendants states that the policy of the Attorney General's Office prohibits him from contacting the plaintiff via telephone due to safety and other concerns.  Counsel indicates that he is authorized to communicate with inmates in writing, but the short deadlines and delays in mail delivery make written communication concerning motions for extension of time impractical.  Counsel also points out that the plaintiff is free to file objections to the motions for extension of time.  In view of the policy of the Attorney General's Office regarding telephonic communication between assistant attorneys general and inmates and the impracticality of communicating in writing prior to filing motions for extension of time, the court concludes that sanctions are not warranted.  The motion for sanctions is denied.

IV. <u>Motion for Extension of Time [doc. # 35]</u>
    <u>Motion to Strike Answer [doc. # 40]</u>

The plaintiff seeks an extension of time to file a reply to the affirmative defenses in the defendants' answer to the amended complaint.  The motion is granted.

The plaintiff moves to strike five of the affirmative

defenses from the defendants' answer to the amended complaint. Federal Rule of Civil Procedure 12(f) provides that a court may strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Motions to strike "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." Schramm v. Kirschell, 84 F.R.D. 294, 299 (D. Conn. 1979). See Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976) ("courts should not tamper with the pleadings unless there is a strong reason for so doing").

Courts are reluctant to strike an affirmative defense unless the plaintiff demonstrates how prejudice would result if the defense were not stricken. 2A Moore's Federal Practice, ¶ 12.21[2], [3] (2d ed. 1995) (citing cases). In addition, a motion to strike an affirmative defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear. See also S.E.C. v. Electronics Warehouse, Inc., 689 F. Supp. 53, 57 (D. Conn. 1988) ("A defense may be stricken only when it presents no substantial questions of law or fact and is insufficient as a matter of law"), aff'd sub nom., S.E.C. v. Calvo, 891 F.2d 457 (2d Cir. 1989), cert. denied, 996 U.S. 942 (1990).

The plaintiff seeks to strike the first, third, fourth,

seventh and eighth affirmative defenses in the defendants' answer to the amended complaint.  In their first affirmative defense, the defendants state that the amended complaint fails to state a claim upon which relief can be granted.  In their third affirmative defense, the defendants state that they are entitled to qualified immunity.  In their fourth affirmative defense the defendants state that they entitled to statutory and sovereign immunity from plaintiff's state law claims.  In their seventh affirmative defense the defendants state that the plaintiff has failed to exhaust his administrative remedies prior to filing this lawsuit.  In their eighth affirmative defense, the defendants state the amended complaint must be dismissed because the plaintiff has failed to allege their personal involvement in the alleged constitutional violations.

The plaintiff has not demonstrated how he will be prejudiced if these affirmative defenses are not stricken.  Furthermore, all five affirmative defenses are sufficient as a matter of law.  Thus, the plaintiff's motion to strike the affirmative defenses set forth in the defendants' answer to the amended complaint is denied.

V.   Motion for Appointment of Counsel [doc. # 33]

The plaintiff is seeking an appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915.  The Second Circuit has made clear that before an appointment is even considered, the

indigent person must demonstrate that he is unable to obtain counsel. See Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). The plaintiff indicates that he contacted three attorneys in 2004 and they all declined representation. He also states that he sought assistance from the Inmates' Legal Assistance Program and the Yale Law School Clinic. He does not indicate whether he received assistance from either organization. Although Inmates' Legal Assistance may not be able to represent the plaintiff in this action, the program is available to assist the plaintiff in answering questions concerning discovery issues, researching legal issues and drafting motions and memoranda.

The possibility that the plaintiff may be able to secure legal assistance independently precludes appointment of counsel by the court at this time. Accordingly, plaintiff's motion for appointment of counsel is denied without prejudice. Any renewal of a motion for appointment of counsel shall be accompanied by a summary of the plaintiff's attempts to obtain counsel or legal assistance from the Inmates' Legal Assistance Program. The summary of attempts to obtain legal assistance should include the reasons why assistance was unavailable.

VI. Motion to Compel [doc. # 39]

The plaintiff seeks to compel the defendants to respond to two requests for documents included in his December 17, 2004

Request for Production of Documents. The defendants object to the motion to compel.

In request 9, the plaintiff sought log book entries indicating when the defendants left work on the date they allegedly used excessive force against him. The defendants objected to this request on the ground that it was overly broad, vague and burdensome. The plaintiff claims that the time that Captain Weir left work on the date of the alleged use of force will show whether or not she signed off on an incident report without reviewing relevant videotapes and other evidence concerning the incident. The plaintiff does not explain why he needs information concerning the times other defendants left the prison facility. The allegation that Captain Weir might have failed to properly review the use of force against the plaintiff is not included in plaintiff's amended complaint. Thus, the court concludes that the log book entries concerning the defendants' departure from the prison facility are not relevant to this case. The defendants' objection to request for production 9 is sustained.

In request 10, the plaintiff sought memos and emails from Lynn Milling to the Grievance Coordinator concerning a grievance he filed after the alleged use of excessive force. The defendants objected to the request as overbroad and burdensome, but directed the plaintiff to documents produced in response to

another production request. In response to the motion to compel, defendants contend that they have produced all documents in their possession relating to the grievance referenced by the plaintiff in request 10. Accordingly, the objection to request 10 is sustained.

On June 3, 2005, the plaintiff filed an addendum to his motion to compel seeking a court order directing the defendants to respond to his December 29, 2004 Interrogatories. The defendants have provided copies of their responses to the interrogatories. Accordingly the motion to compel is denied as to both the December 17, 2004 Request for Production of Documents and the December 29, 2004 Interrogatories.

VII. Motion for Leave to Amend [doc. # 43]

The plaintiff seeks leave to file a second amended complaint to include additional facts. Rule 15(a), Fed. R. Civ. P., provides that permission to amend a complaint "shall be freely given when justice so requires." Underlying this rule, however, is an assumption that the amended complaint will clarify or amplify the original cause of action rather than incorporate additional causes of action. See Klos v. Haskell, 835 F. Supp. 710, 715 n.3 (W.D.N.Y. 1993), aff'd, 48 F.3d 81 (2d Cir. 1995). In determining whether to grant leave to amend, the court considers such factors as undue delay, bad faith, dilatory motive, undue prejudice and futility of the amendment. See

Forman v. Davis, 371 U.S. 178, 182 (1962); Barrows v. Forest Laboratories, Inc., 742 F.2d 54, 58 (2d Cir. 1984) (undue delay, bad faith and prejudice to opposing party are "touchstones" of court's discretion to deny leave to amend).

The plaintiff's proposed second amended complaints add no new claims to this action. The new facts relate to a correctional lieutenant who is not named as a defendant in this action. This case was filed in 2000. At this point, the defendants seek to file a motion for summary judgment. A decision to permit the plaintiff to amend his complaint at this late date would result in a delay in this case. Accordingly, the court concludes that justice does not require that the court permit the plaintiff to file a second amended complaint. The plaintiff's motion for leave to amend is denied.

## Conclusion

Defendants' Motion for Extension of Time [**doc. # 31**] to respond to plaintiff's December 29, 2004 discovery requests, Motion for Extension of Time [**doc. # 37**] to respond to plaintiff's February 2005 discovery requests and Motion for Extension of time [**doc. # 42**] to respond to plaintiff's motion to compel are **GRANTED** nunc pro tunc. The defendants' Motion for Modification [**doc. # 48**] of the scheduling order is **GRANTED**. All motions for summary judgment shall be filed on or before October 3, 2005. The Motion for Sanctions [**doc. # 29**] is **DENIED**. The

8

plaintiff's Motion for Extension of Time [**doc. # 35**] to file a response to the answer is **GRANTED**.  The Motion to Strike Answer [**doc. # 40**] is **DENIED**.  The Motion for Appointment of Counsel [**doc. # 33**] is **DENIED** without prejudice.  Any renewal of a motion for appointment of counsel shall be accompanied by a summary of the plaintiff's attempts to obtain counsel or legal assistance from the Inmates' Legal Assistance Program.  The summary of attempts to obtain legal assistance should include the reasons why assistance was unavailable.  The Motion to Compel [**doc. # 39**] and Motion for Leave to Amend [**doc. # 43**] are **DENIED.**

    SO ORDERED this 8th day of September, 2005, at Hartford, Connecticut.

                                          /s/ Thomas P. Smith
                                              Thomas P. Smith
                                   United States Magistrate Judge