P.1

MAR 2 1 2006

United States District Court
District of Connecticut

Eduardo Martinez          :   Docket No # 13:00: OV1140 (HRC)

          v.

Capt. Weir Et.Al.         :   Date: March 17. 2006

## BRIEF IN OPPOSITION TO DEFENDANTS SUMMARY JUDGEMENT MOTION

Statement of facts to the Case:

This is a § 1983 action filed by a prisoner of the Connecticut state Dept. of Corrections seeking damages, a declaratory judgement based on the use of excessive force & deliberate indifference. Defendants filed a motion for Summary Judgement as to the Plaintiff's use of force & deliberate indifference against defendants Capt. Weir, Lt. Madden, C/o LaRota, C/o Thibodeau, & C/o Corl, arguing their conduct did not violate the Constitution.

Statement of Facts:

The Plaintiff's declaration submitted in response to the Defendants motion states on the afternoon of October 28.1999 the Plaintiff was defecating flushing to not allow the odor to linger with a "womens courtesey" sign on the cell window. Never was he a threat to anyone or anything nor did he not comply with any order given. Although he offered no resistance a cell extraction team was assembled & the use of 4 point restraints. While handcuffed behind the back & complying with all orders the Plaintiff was hit behind the head with a shield causing his face to crash against the wall he was facing inflicting a cut & knot on bridge of nose & eventually swollen eye sockets & two black eyes. The defendants affidavits tell a different story combining a separate incident to justify the unnecessary use of force & that they did not cause any injury

## ARGUMENT

**(1) THE ELEVENTH AMENDMENT BARS THIS ACTION AGAINST THE DEFENDANTS IN THEIR OFFICIAL CAPACITIES:**

The Eleventh Amendment "does not" forbid suing state officials in their "individual capacities." Monell v. New York City Department of Social Services, 436 U.S. 658, 690 n. 54, 98 S. Ct. 2018 (1978) Schmelz v. Monroe County, 954 F.2d 1540, 1543 (11th Cir. 1992) Gay v. South Colonie Central High School District, 802 F.2d 21, 27 (2d Cir. 1986)

Prison officials may claim that they are protected by the 11th Amendment because they were acting in their official capacity even if you sued them in their "individual capacities." The Supreme Court has rejected this argument. Hafer v. Melo, 502 U.S. ___, 112 S. Ct. 358 (1991)

The Plaintiff in this case did not sue any of the Defendants in their official capacity. All were & are being sued in their Individual Capacities.

**(2) THE STATE IS NOT A "PERSON" SUBJECT TO LIABILITY UNDER 42 U.S.C. § 1983:**

The Plaintiff does not insinuate or directly state he's ever had any intent on making the State of Connecticut, or any of it's agencies (particularly the Connecticut Dept. of Corrections) as Defendants; rather he is suing individual persons who violated the Plaintiff's Constitutional Rights that just happened to be employeed by one of the many Connecticut State agencies.

42 U.S.C. § 1983 provides that, "Every person who under color of any statute, ordinance, regulation custom or usage of any state or Territory subjects... any citizen... to the deprivation of rights... shall be liable to the party injured in an action at law, suit in equity, or other proper

proceeding for redress." (Emphasis added)

The United States Supreme Court has refused, in view of the states traditional sovereign immunity & the 11th Amendment to construe the word "person" as including a State or it's agencies. Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed. 2d 45 (1989); Krozser v. New Haven, 212 Conn. 415, 562 A. 2d. 1080 (1989), cert. denied, 493 U.S. 1036 (1990).

This $1983 is not against the state by any means or through any of it's employee's or agencies.

(2) <u>THE PLAINTIFF HAS FAILURE TO EXHAUST HIS PRISON ADMINISTRATIVE REMEDIES REQUIRED BY THE PRISONER LITIGATION REFORM ACT (P.L.R.A.)</u>

The Plaintiff in this case exhausted his Administrative Remedies at & through the Ct. Dept. of Corrections in accordance with their Administrative Directive 9.6 Inmate Grievances. The Ct. Dept. of Correction infringed on the process by falsely accusing the Plaintiff of withdrawing his "grievance," yet they have yet to provide a withdrawal date, signature or even "any" record of such withdrawal. The Plaintiff appealed up to level (3) three & also re-filed the Grievance to no avail, appealed to level (2) two & level (3) three to no avail (see Exhibit 2).

The Defendants co-workers actions & inactions during the Grievance process not responding to the initial level (1) one Grievance & denying the level (2) two & level (3) three, is technically exhaustion of what was made available to the Plaintiff.

Ziemba v. Wezner, 366 F.3d 161; 2004 U.S. App. LEXIS 8091 (2d Cir 2004) the State employee's actions to not respond to the

Plaintiff's second round of Grievances estopped the Defendants from using this as a defense. The first round of Grievances & Grievance Appeals satisfied the PLRA 42 USC §1997e(a) ..."until such administrative remedies as are "available" are exhausted. The Plaintiff exhausted what was made available.

In accordance with Inmate Grievances A.R. 9.6 (section 20) the Grievance Co-Ordinator never made any Grievance file nor logged the Plaintiff's initial Grievance which requires that the initial date of receipt, name & number of inmate, response date, & a brief description of the problem & disposition. Even if what they allege were true (which it isn't) there must have been a Grievance log that would support what they allege but there isn't one & none has been provided.

4") THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Plaintiff in compliance with Rule 8(a) F.R.Civ.P gave a short plain statement of a claim for relief. In his Amended Complaint the Plaintiff in paragraphs #20; #21; #26; #30, #31, #32, #33, #34; as a Pro-Se litigant with the Education equivalent of a 10th grader described as best as he could the claims he believed could be substantiated & was as specific as possible of such.

"The Prisoners' need not prove a serious or significant injury to establish an 8th amendment violation. The degree of injury is relevent to the 8th Amendment but does not end it." Hudson v. Mc Millian 503 U.S. ___ 112 S.Ct. 995, 999 (1992); accord, Mc Henry v. Chadwick, 896 F. 2d 184, 187 (6th Cir 1990)

the extent of injury is therefore "but one of the factors to be considered even if the injuries suffered were not permanent or severe, & Plaintiff may still recover if the force used was unreasonable & excessive." Carcellix v. Coughlin, 842 F.2d 23 (2nd Cir 1988) (Jury question was presented where inmate was allegedly knocked unconscious & sustained cuts, swelling, dizziness, & blurred vision.) accord, Felix v. McCarthy, 939 F.2d 699, 702 (9th Cir 1991) (minor injuries are actionable when force is completely unjustified) cert denied, 112 S.Ct. 1162 (1992). Orey v. Spillman, 925 F.2d 90, 93 (4th Cir. 1991) (extent of injury is relevant to damages but is not a prerequisite to suit) Campbell v. Grammer, 889 F.2d 797, 802 (8th Cir. 1989) (injuries from completely unjustified spraying with a fire hose were actionable even though not severe) Johnson v. Laherty, 713 F.Supp. 69, 71 (S.D.N.Y. 1989) (where injury is minor, court must "consider the context in which the incident occured.") force inflicting only a de minimis injury can violate the 8th Amendment if the force used is "repugnant to the conscience of mankind" or if the pain itself is such that it can properly be said to constitute more than de minimis injury" Norman v. Taylor 25 F.3d 1259, 1263 n.4 (4th Cir 1994)

The unnecessary use of 4 point restraints & an cell extraction team which resulted in the facial injuries cut on nose bleeding of such & nostrils being restrained to a bunk with a ingoerable restraint with the potential of very serious & detrimental injury for a infection which was false uninvestigated or no intervention prior to such satisfies the subjective component. Also prior to secussation of attempting to flaor cell there was no intent of using any force by the Defendants on the secussation of attempting to

flood was the purpose of use of force which was from the beginning false, unnecessary & excessive & resulting in injuries & potential injuries.

the Defendant Lt. Madden's history with the Plaintiff & also that of C/o Roberts reflects that he had or influenced other supervisors to falsify allegations that the Plaintiff threatend to cause bodily harm to a nurse just the day before. the Defendant Capt. Weir again did not investigate just assumed it was all true although the nurse herself reported different (see Addendum A & B) which reflects their mind frame of such Defendants to be malicious & sadistic. Capt. Weir was aware by means of verbal complaints.

the Defendant Supervisor's & Authorizen's in this case Capt. Weir & Lt. Madden had no reason, evidence, or by a long shot a hunch that the Plaintiff was committing the acts accused of & had ample time to investigate which Capt. Weir did & found no evidence to support the officers claims as neither did the Disciplinary Hearing Officer. Lt. Madden did not arrive until he came with an extraction team. No supervisor reported anything to support the reporting officer C/o Roberts claims of the Plaintiff tampering with safety & security. There was no threat to the inmate (staff property population or community to justify use of a cell extraction team & 4-point restraints nor was the Plaintiff asked to voluntarily be removed from the cell at any time prior to the authorization of use of any force & was not given any direct order. How the Plaintiff was physically treated throughout the use of force demonstrates all the

Defendants intent of causing the Plaintiff physical harm by many means shown on the "video tapes". Use of shield while handcuffed behind the back causing head to smack up against the cinder block wall (C/O Lo Rato) stepping on the Plaintiff's arm while it was partially hanging off the bunk (C/O Carl), breaking the inside handcuff & tightening it without reporting it or acting on it where detrimental harm was possible (C/O Thibadeau & Lt. Madden), & the unjustifiable & unprovoked use of an extraction team & 4 pt. restraints (Capt. Weir). The cut on the Plaintiff's nose was caused by the use of the shield by C/O Lo Rato authorized & instructed to do so by Lt. Madden.

5). THE DEFENDANTS ARE PROTECTED BY THEIR QUALIFIED IMMUNITY.

The Defendants actions towards the Plaintiff was not done in any good faith effort. There was enough time for Capt. Weir the shift commander & the authorizing person to have a cell extraction team & 4 point restraints use against the Plaintiff based on false allegations made by C/O Roberts & now Capt. Weir is attempting to mislead this court along with her co-Defendants by attempting to combine & separate incident in which she nor any other supervisor deemed it necessary to use force when it took place. The issue in which this Defendant used to authorize the use of force "Interfering with Safety & Security" where I was accused of attempting to flood the cell & maliciously covering the cell window to prevent anyone from looking in, this was dismissed & I was found not guilty based on lack of evidence. There was no evidence of such then at the time of authorizing 4 pt. restraints & neither at the hearing. Martin v. Heideman, 106 F.3d 1308, 1310, 1313 (6th Cir 1997); Heitschmidt v. City of Houston, 161

p. 8#

831,834-35 (9th Cir. 1990), Balser v. Sanderson, 9 F.3d 1433 (9th Cir. 1993) all state that a complaint about the restraints (cuffs) being tight is sufficient to state a claim, + unconstitutional.

The Defendant Madden acting under the direction + authorization of Capt. Weir ordered for the use of the shield by the extraction team member Salle Rota without any need or provocation by the Plaintiff. The Plaintiff was "complying" with all the direct orders given, was handcuffed behind his back + facing the wall with his back to the Defendants when Lt. Madden order a shield to be used on the Plaintiff for no reason causing a cut on the Plaintiff's nose along with a bump + eventually two (2) black eyes + swollen eye sockets. Felix v. McCarthy, 939 F.2d 699, 701-02 (9th Cir. 1991) (throwing a prisoner across a hallway into a wall without reason violated the 8th Amendment), cert denied, 112 S.Ct. 1165 (1992) Bee v. DeKalb County, 679 F.Supp. 1107, 1109, 1113 (N.D. Ga. 1988) (allegation of unprovoked blow, the face created a factual issue as to excessive force); Lewis v. Downs, 774 F.2d 711, 714-15 (6th Cir. 1985) (same force was justified but striking + kicking handcuffed persons was not). Martinez v. Rosado, 614 F.2d 829, 830-32 (2d Cir 1980) (prisoners' refusal of orders did not justify an assault by officers). Brown v. Triche, 660 F.Supp. 281, 286 (N.D. Ill. 1987) (damages awarded to handcuffed inmate who was pushed against a wall, hit in the face + hit or kicked in the neck when he failed to sit down when ordered.) Curtis v. Conley, 591 F.Supp. 1157, 1168-69 (W.D. La. 1984) (it was reasonable to use force to get an armed inmate out of his cell but not to continue after he was disarmed + handcuffed)

The Plaintiff did not ever refuse any direct order + was complying so the use of a shield while I was cuffed behind the back was excessive, the use of 4 point restraints for allegations by an officer the Plaintiff had issue's with + that were ultimately + then also unfounded, + lastly a use of a cell extraction team when the Plaintiff was never asked

to leave the cell or even given any direct orders prior to the assembling of the extraction team was excessive & thus caused the Plaintiff injuries to his face. Also while 4 pointed to the bunk the fact that no one reported or acted on the issue of the handcuff key being broken in the restraint was deliberately indifferent to the Plaintiff's health physically & mentally & the mere fact of protected injury, also (C/o Thibodeau) he tightend the restraint until it couldn't get no tighter. Wood v. Strickland 420 U.S. 308, 95 S.Ct. 992 43 L.Ed.2d 214 (1975) An official is not immune from liability ... if he knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights of the person effected, or if he took action with the malicious intention to cause a deprivation of constitutional rights or other injury... Shevalier v. Quigley, 586 F.Supp. 532 (1984) Plaintiff's contend that the defendants participated in inflicting on them an illegal, unprovoked, and merciless beating. If the Plaintiffs are correct as a matter of fact, there cannot be any arguable claim that the officers conduct was privileged — a policeman cannot defend by contending ... that he never heard of the 4th & 8th Amendments. It is for the jury to determine the factual issue as to the conduct, not the legal issue as to the law.

Although there was established law & Conn. Dept. of Corr. policies supported by Conn. Gen. Statutes (see Exhibits S, T, R, & J-4 )

the 8th Amendment prohibits punishments that " involve the unnecessary & wanton infliction of pain are grossly disproportionate

to the severity of the crime for which an inmate was imprisoned, or are totally without penological justification." <u>Caldwell v. Miller</u>, 290 f. 2d 589, 600 (7th Cir 1986) as well as previously cited case law. <u>Hunter v. Bryant</u>, 502 U.S. 224, 229, 116 L. Ed. 2d 589, 112 S.Ct. 534 (1991)(the Qualified Immunity standard gives ample room for mistaken judgements by protecting all but the plainly incompetent or those who knowingly violates the law) this applies to all the defendants... Capt. Weir who had just became a Captain was <u>incompetent</u> to decide how to address the issue presented to her. She declared her loyalty to the reporting officer regardless if he was lying, falsifying or exaggerating his allegations. Lt. Madden <u>knowingly</u> ordered the use of the shield against the plaintiff after he knew the Plaintiff was complying & not committing any infractions also knowing that 600 lbs. plus along with a shield "pinning" a 170 lbs. person with his hands behind his back about 2 inches away from the wall at full speed would likely cause some type of injury. C/o De Rota whom had the shield <u>knew</u> him using the shield on the Plaintiff's upper body at full speed would cause the Plaintiff's head to hit the wall at a hard impact. C/o Thibadeau breaking the handcuff key in the handcuff & not reporting it or rectifying it he <u>knowingly</u> put the Plaintiff's life in jeopardy in case of fire, asthma attack, heart attack or even a seizure. C/o Carl who was purposefully stepping on the Plaintiff's arm while he was already restrained to the bunk knowingly, willfully, & purposefully was causing pain to the Plaintiff maliciously. Also lying that he took the key out the handcuff knowing he didn't & not reporting such or

intervening in concert with all the Defendants knowingly, willfully, purposefully violated the Plaintiff's 8th Amendment rights being fully aware of such is outside the scope of their official duties & policies as B.o.C. personel.

Therefore the Plaintiff asks that the Defendants Motion for Summary Judgement is denied.

Respectfully:

x *Eduardo Martinez*

Eduardo Martinez #234198
P.o. Box 665
Northern C.I.
Somers, CT. 06071

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

p. 1 of 9

Eduarda Martinez, Pro-Se

v.

Capt. Kim Weir Et.Al.
Lt. Mike Madden
C/o Fred Le Rota,
C/o Mike Thibideau
C/o Ed Carl

Docket No.#: 3:00 cv 1140 (DJS)(TPS)

Date: June 10, 2004

~JURY TRIAL DEMANDED~

* AMENDED COMPLAINT *

* ALL DEFENDANTS SUED INDIVIDUAL *
* CAPACITIES *

Preliminary Statements

This is a Civil Rights action filed by EDUARDO MARTINEZ, a state prisoner for damages under 42 U.S.C. §1983 alledging he was assaulted by Correctional Employees & had 4-point restraints used on him in a Malicious manner to inflict wanton pain while housed at Walker Recentional Center & S.M.U.. Violating the Plaintiff's 8th Amendment Right of the United States Constitution by using Excessive Force & subjecting the Plaintiff to Cruel & Unusual Punishment.

Jurisdiction

1. The court has jurisdiction over the Plaintiff's claim of violation of Federal constitutional rights under 42 U.S.C §§ 1331(a) & 1343.

2. The court has supplemental jurisdiction over the Plaintiff's state law tort claims under 28 U.S.C. §1367

Parties

p. 2 of 9

3. The Plaintiff EDUARDO MARTINEZ was incarcerated at Walker Receptional Center & S.M.U. (Walker) during all times in this complaint.

4. Defendant CARPENTER was a Correctional Captain & shift commander during all times in this complaint at Walker & is sued in her Individual Capacity.

5. Defendant Lt. MALLNER was Correctional Lieutenant & was ordered to assembled an extraction team, during all times in this complaint at Walker & is sued in his Individual Capacity.

6. Defendant C/O DE RUHA was a Correctional Officer (C/O) at Walker & responsible for hitting the Plaintiff in his head with the shield & causing the Plaintiff's head to smack against a cinder-block wall during all times in this complaint & is sued in his Individual Capacity.

7. Defendant C/O THIBEAU was a Correctional Officer at Walker during all times in this complaint & is responsible for breaking the handcuff key inside the handcuff then tightening it, cutting off blood circulation in the Plaintiff's right hand & not reporting such hazardous & dangerous conditions & is sued in his Individual Capacity.

8. Defendant C/O CARL was a Correctional Officer at Walker during all times in this complaint & is responsible for not reporting the handcuff key being broken inside the handcuff & the tightening of the restraint which was done as he held the Plaintiff's arm. & is sued in his Individual Capacity.

☑ Individual
☐ Summary

# Incident Report—Page 1
### Connecticut Department of Correction

99-425

CN660
3-8-9

| Facility/CSO WRSMU | | | | Incident Location SEG | | Report no. 99-425 |

Prepared by  T. Roberts     Title  C/O     Report date 10-27-9

Incident class ☐ 1 ☐ 1a ☐ 2 ☒ 3    Type c    Time 730    ☒ a.m. ☐ p.

| Inmate name (last and first) | Hsg unit | Race | ID no. | Status | Staff name (last and first) | Race | Title | Stat |
|---|---|---|---|---|---|---|---|---|
| Martinez, Eduardo | S-07 | H | 234198 | | Roberts, Thomas | W | c/o | R |
| | | | | | Smith, Raymond C. | B | Lt. | Ev |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Status code: V = victim, S = suspect, E = escape, R = first employee responder, W = inmate witness, EW = employee witness

Race code: W = white, B = black, H = hispanic N = native american, O = other

Narrative: During breakfast Inmate Martinez Threw a full cup of coffee onto The S-110 tier. When I questioned him about it, he became very hostile and started kicking his cell door violently. He failed to comply with orders to stop This behavior and continued to kick. He was kicking the door with such force I was concerned the locking mechanism would fail and The door would open. Each Time I walked down the tier to make my 15 minute tour, Martinez was kicking his cell door and making Threats of Bodily harm to this officer. He Stated "When this door pops I'm going to break youre Fuck'n Jaw Roberts."

Reporting employee Signature  Thomas Roberts

Title  C/O     Date 10-27-99

## FOLLOW UP

Property damage  N/A     Value $ N/A

Contraband Recovered  N/A

Physical force  YES     Chemical agents  N/A     Restraints  YES

Assigned to :  N/A  Protective custody     ☐ Isolation     ☐ Medical
☒ Administrative detention     ☒ Outside hospital  N/A
N/A  15 – minute watch     ☒ Other : _____

| \_\_Individual<br>**XX**Summary | **Incident Report - Page** _3_<br>Connecticut Department of Correction | CN6601<br>3-8-96 |
|---|---|---|

| Unit    Walker RSMU | Incident Location  Seg-7 | Report No 99-425 |
|---|---|---|
| Prepared by R Smith | Title  Lt. | Report Date 10/27/99 |

| Incident class ___ 1 ___ 1a ___ 2 X_ 3 | Type C | Time  9:00 X a.m. ___ p.m. |
|---|---|---|

On the above date I was instructed to put a cell extractions team together to four point  I/M Martinez,Edwardo #234198 Seg-7,  Martinez was Causing a Disruption in the Unit by kicking and banging on the cell door, he also threating to Break Officer Roberts jaw when they open his cell.  The cell extraction team consisted of Officer Brunton, Thibodeau, Corl, Leske, CTO Viscomi and C/O Loos. Officer  Sharp was the Video Camera Operator & CHN Margo was the medical staff.  At approximately 8:45am the team was summoned to the roll call room for equipment check and initial briefing of I/M Martinez behavior. Officer Brunton was assigned the #1 man he was to enter the cell with the shield to gain control of the inmate. Officer Leske was the #2 man to enter the cell he was responsible for sweeping the feet from under the inmate. Officer Thibodeau was assigned the 3rd man and he was responsible for controlling Martinez, right arm and to apply the handcuffs to both wrists.  C/O Corl  was assigned to be the fourth man to enter the cell and control Martinez left leg. Officer Loos would be the 5th man to enter the cell and to gained control of Martinez Right Leg and and to apply leg-irons to both legs. CTO Viscomi was the alternate man and was to ensure that no equipment was left behind in the cell.  At approximately 9:00AM the team under this writer supervision entered the RHU Foyer. Officer Roberts was instructed to open the S110 door, I approached Seg-7 cell, Martinez was standing at the cell door, I gave him a Direct to lay face down on his bunk. He complied with my order. I used the cell key to open the door and  Officer Brunton enter the cell with the shield, securing inmate Martinez on the bed as the other team members secured his legs and arms to the bunk with the soft restraints. I/M Martinez was directing abusive language toward staff as they attempted to apply the restraints however, his resistance was minimal. Officer Sharp was video recording, as Martinez was being four pointed.  After securing Martinez I had  Nurse Margo check the restraints, she indicated that the left restraint was a little tight, and I had the tension loosing. The team was then cleared to exits the cell. I/M Martinez continued to use abusive language as the door was secured.

___Individual

**XX Summary**

# Incident Report - Page _4_
## Connecticut Department of Correction

CN6601
3-8-96

| Unit    Walker RSMU | Incident Location    Seg-7 | Report No. 99-425 |
|---|---|---|
| Prepared by R Smith | Title Lieutenant | Report Date 10/27/99 |

| Incident class    ___ 1___ 1a__ 2 _x_ 3 | Type C | Time  9:00 _X_a.m.    ___ p.m. |
|---|---|---|

**ADDENDUM TO PAGE -3**

At approximately 10:45 AM Martinez removed the soft restraints from his ankles, this writer and Officer Roberts and Lt. Madden re-entered Martinez cell and replaced the soft restraints with Hard restraints.  Martinez also at this time refused to let Nurse Pizzanell check him, he had a mouth full of saliva and was threating to spit on her.  C/O Sharp was the Video Camera operator while we re-apply the restraints. Tape submitted in Physical Evidence safe.

11:50 AM I/M Martinez #234198 given chance to relief himself, eat and given a mattress, placed back in four point restraints.

02/22/2006 11:26 FAX 8601838779   Northern C I MEDICAL   → ATTORNEY GENERAL   ☐008/013

REV.5/94
CONNECTICUT DEPARTMENT OF CORRECTION

**CLINICAL RECORD**

| INMATE NUMBER | DATE OF BIRTH |
|---|---|
| 234198 | 7/17/78 |

INMATE NAME (LAST, FIRST, INITIAL)
Martinez, Eduardo

SEX: (M) F   RACE/ETHNIC: B (W) H O   FACILITY: W Remu

| DATE/TIME | |
|---|---|
| 10/27/99 | 9A. I/M placed in four point soft restraints per custody. restraints checked properly placed, ø constriction noted. skin color good ø bruises noted ø obvious injuries noted. |
| 10/27/99 | 11PM — *(illegible)* ... 4 pt. restraints ... *(illegible)* |
| | 11:15 AM — *(illegible)* ... 2 fingers able to fit ... restraints — *(illegible)* no swelling noted to all extremities — *(illegible)* |
| 10/27/99 | 1:00 I/M in cell sleeping, awakes to √ restraints soft restraints *(illegible)* both *(illegible)* ø constriction noted. ø bruises good rom color good. hard restraints on both legs (cuffs) intact, ø constriction *(illegible)* color good |
| 10/28/99 30 | Per custody *(illegible)* 4 Pt. Soft *(illegible)* Medical Incident Report done. |
| 10/28/99 3:15 | Per custody inmate slipped soft restraints — hard restraints *(illegible)* ø inj. √ d/c *(illegible)* |
| 11/8/99 | 9A Transfer summary completed. *(illegible)* transferred to correctional facility in Virginia. *(illegible)* |

CONFIDENTIAL INFORMATION
THE CONFIDENTIALITY OF THIS RECORD IS REQUIRED UNDER CHAPTER 899 OF THE CONNECTICUT GENERAL STATUTES. THIS MATERIAL SHALL NOT BE TRANSMITTED TO ANYONE WITHOUT WRITTEN CONSENT OR OTHER AUTHORIZATION AS PROVIDED IN THE AFOREMENTIONED STATUTES.

# Medical Incident Report

Connecticut Department of Correction

CN6602
Rev. 4-12-93

| Facility | _WWRSMU_ | | Report date | _10/28/99_ |
|---|---|---|---|---|
| Inmate name | _Martinez Eduardo_ | | Time _535_ ☐ a.m. ☒ p.m. | |
| Staff name | | | I.D. no. _234198_ | |

| Incident report submitted | ☐ Yes | ☐ No | Number | Date |
|---|---|---|---|---|

Treatment location: _Segregation_

Injury description (must be completed if no other report): _m on 4pt restraints status_

Diagnosis: _4pt restraints_

Treatment administered: _assessment_

CONFIDENTIAL INFORMATION
"THE CONFIDENTIALITY OF THIS RECORD IS REQUIRED UNDER CHAPTER 899 OF THE CONNECTICUT GENERAL STATUTES. THIS MATERIAL SHALL NOT BE TRANSMITTED TO ANYONE WITHOUT WRITTEN CONSENT OR OTHER AUTHORIZATION AS PROVIDED IN THE AFOREMENTIONED STATUTES."

Required follow-up: _✓ of 4pts in_

Placement after treatment

Observations/remarks: _4pt restraints in good order, rim of 1 forearm/wrist width on L wrist inner aspect superficial scratch approx 1" long & inject of subdermal tissue._

| Patient signature | | Date | |
|---|---|---|---|
| Medical staff signature | _R. Bernard RN_ | Date | _10/28/99_ |
| Custody supervisor signature | | Date | |

# Medical Incident Report

Connecticut Department of Correction

CN66
Rev. 4-12-9

| Facility | Wispen | Report date 10/28/99 |
|---|---|---|
| Inmate name | Montañez, E | Time 7 ☐ a.m. ☑ p.m. |
| Staff name | | I.D. no. 234158 |
| Incident report submitted ☐ Yes ☐ No | Number | Date |

Treatment location: Segregation

Injury description (must be completed if no other report): Inm removed from
4 pt. restraints.

Diagnosis:

Treatment administered: assessment

CONFIDENTIAL INFORMATION
"THE CONFIDENTIALITY OF THIS RECORD IS REQUIRED UNDER CHAPTER 899 OF THE CONNECTICUT GENERAL STATUTES. THIS MATERIAL SHALL NOT BE TRANSMITTED TO ANYONE WITHOUT WRITTEN CONSENT OR OTHER AUTHORIZATION AS PROVIDED IN THE AFOREMENTIONED STATUTES."

Required follow-up: none

Placement after treatment

Observations/remarks: Inm removed from 4pts @ this time good CMS of all extremities. C/o of sl head ache & impairment of skin integrity below sl. scratch (rew. mention on 5:30 report).

| Patient signature | | Date |
|---|---|---|
| Medical staff signature | R Bernard RN | Date 10/28/99 |
| Custody supervisor signature | | Date |

CN6602
Rev. 4-12-93

Connecticut Department of Correc...

| Facility WASMU. | Report date 10/27/99 |
| --- | --- |
| Inmate name Martinez, Eduardo | Time 9 [✓] a.m. [ ] p.m. |
| Staff name Margo Griffin | I.D. no. 234198 |
| Incident report submitted [✓] Yes [ ] No | Number | Date |
| Treatment location: Seg. | |

**Injury description** (must be completed if no other report):

Called to Segregation Unit for evaluation of four point restraints

**Diagnosis:**

**Treatment administered:** none.

CONFIDENTIAL INFORMATION
"THE CONFIDENTIALITY OF THIS RECORD IS REQUIRED
UNDER CHAPTER 899 OF THE CONNECTICUT GENERAL
STATUTES. THIS MATERIAL SHALL NOT BE TRANSMITTED
TO ANYONE WITHOUT WRITTEN CONSENT OR OTHER
AUTHORIZATION AS PROVIDED IN THE AFOREMENTIONED
STATUTES."

**Required follow-up:** Check restraints q 2° (Medical)

**Placement after treatment** custody.

**Observations/remarks:** Restraints intact, ø restrictions noted, ⊕ pulses, color good.

| Patient signature unable to sign | Date |
| --- | --- |
| Medical staff signature Margo Skiff RN | Date 10/27/99. |
| Custody supervisor signature | Date |

# Medical Incident Report
## Connecticut Department of Correction

CN6602
Rev. 4-12-93

| Facility | WRSMU. | | |
|---|---|---|---|
| Inmate name | Martinez Edwardo | Report date | 10/27/99 |
| Staff name | Reula Verzanella RN | Time 113  ☒ a.m.  ☐ p.m. | |
| Incident report submitted  ☐ Yes  ☐ No  Number | | I.D. no. 23498  Date | |

**Treatment location:** Seg

**Injury description (must be completed if no other report):**

4pt. Restraint Check

**Diagnosis:**

CONFIDENTIAL INFORMATION
"THE CONFIDENTIALITY OF THIS RECORD IS REQUIRED UNDER CHAPTER 899 OF THE CONNECTICUT GENERAL STATUTES. THIS MATERIAL SHALL NOT BE TRANSMITTED TO ANYONE WITHOUT WRITTEN CONSENT OR OTHER AUTHORIZATION AS PROVIDED IN THE AFOREMENTIONED STATUTES."

**Treatment administered:**

Assessment of restraints

**Required follow-up:**

2° checks when in 4pt Restraints

**Placement after treatment** Restodel

**Observations/remarks:**

inmate able to flex 2 fingers in restraints - ⊕ cms to all extremities - ∅ % numbness, tingling, pain

| Patient signature | Unable to sign | Date | |
|---|---|---|---|
| Medical staff signature | Reula Verzanella RN | Date | 10/27/99 |
| Custody supervisor signature | | Date | |