UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **EDUARDO MARTINEZ**<br>    **Plaintiff** | : | |
| v. | : | CIVIL NO.: 3:00cv1140(DJS) |
| **WIER, CAPT., IND., ET AL**<br>    **Defendants** | : | |

**PRO SE TRIAL MEMORANDUM ORDER**

     In light of the Court's ruling dated October 10, 2006, the parties shall submit a pro se trial memorandum order in accordance with the instructions as set out below.

Trial Memorandum

     As plaintiff is a pro se litigant, the court will require counsel for defendant(s) to draft a Trial Memorandum in accordance with the Standing Order Regarding Trial Memoranda in Civil Cases and the Court's Pre-trial Order.  The Trial Memorandum will be served on the plaintiff, who will have the options of (1) agreeing with the Trial Memorandum; (2) supplementing the Trial Memorandum; or (3) filing his own Trial Memorandum.  The parties will observe the following schedule for the filing of the Trial Memorandum:

     a.     Defendant(s) will provide its Pretrial Memorandum to Plaintiff on or before **December 4, 2006**.

     b.     Plaintiff will adopt, supplement, or file his own Pretrial Memorandum on or before **January 4, 2007**.

If the plaintiff fails to respond by **January 4, 2007**, he will be deemed to have adopted the Trial Memorandum submitted by defendant(s).

<u>Pretrial Statement to Obtain Witnesses</u>

In addition to the matters which the Standing Order requires the Trial Memorandum to address, the plaintiff will be required to make a particularized showing in a pretrial statement in order to obtain the attendance of witnesses.  **The plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.**

At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses.  It is the plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony.

If the plaintiff wants to call witnesses to testify, he must follow certain procedures, described here, to make sure that the witnesses will be at the trial and available to testify.

1.  **<u>WITNESSES WHO AGREE TO TESTIFY VOLUNTARILY</u>**

A witness who agrees voluntarily to attend trial to give testimony must satisfy the following:

    a.    The prospective witness is willing to attend:

<u>and</u>

    b.    The prospective witness has actual knowledge of relevant facts.

It is the responsibility of the plaintiff to notify the witness of the time and date of trial.  No action need be sought or obtained from the court.

2.  **<u>WITNESSES WHO REFUSE TO TESTIFY VOLUNTARILY</u>**

If a prospective witness refuses to testify voluntarily, <u>not earlier than four weeks and not later than two weeks before trial</u>, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness. (Blank subpoena forms may be obtained from the Clerk of the Court).  Also, the party seeking the witness'

presence must offer to the witness, through the United States Marshal, the daily witness fee of $40.00 plus the witness' travel expenses.

A subpoena will not be served by the United States Marshal upon a witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness' travel expenses plus the daily witness' fee of $40.00.  Because no statute authorizes the use of public funds for these expenses in civil cases, you must pay witness fees and travel expenses even if you were granted leave to proceed in forma pauperis.

**SO ORDERED** at Hartford, Connecticut, this 2nd day of November, 2006.



/s/DJS
Dominic J. Squatrito
United States District Judge